THE STATE v. HABERLE ET AL.

1. **House of Ill Fame**: REPUTATION AS EVIDENCE: CHAP. 142, LAWS OF 1884: CONSTITUTIONALITY.  Section 4 of Chap. 142 of Laws of 1884, which provides that "the state, upon the trial of any person indicted for keeping a house of ill fame, may, for the purpose of establishing the character of the house kept by defendant, introduce evidence of the general reputation of the house so kept, and such evidence shall be competent *for such purpose*," is not unconstitutional, on the ground that it authorizes a conviction upon evidence of reputation merely; for a conviction cannot be had without further establishing the *fact* that the house is "resorted to for the purpose of prostitution or lewdness."   See § 1 of said act.

2. **Evidence**: IMPEACHMENT: INSTRUCTION.   An instruction as follows: " *When* it is successfully proven that the general reputation of a witness for general moral character is bad, the witness is impeached, and the jury *will* be warranted in disregarding the testimony of such witness as unworthy of belief.   The defendants have been witnesses in their own behalf, and are subject to be impeached, the same as other witnesses,"—*held* not erroneous as assuming, by the use of the word " when," that defendants had been impeached; nor because the word " may " was not used instead of " will."

*Appeal from Mitchell District Court.*

### THURSDAY, JUNE 23.

THE defendants were convicted of the crime of keeping a house of ill fame, and they appeal.

*L. M. Ryce*, for appellants.

*A. J. Baker, Attorney-general*, for the State.

ROTHROCK, J.—It is provided by chapter 142 of the Laws of the Twentieth General Assembly that, "if any person 1. HOUSE of ill keeps a house of ill fame resorted to for the pur- fame: reputa- pose of prostitution or lewdness, such person tion as evi- dence : chap. shall be punished by imprisonment in the peni- 142, laws of 1884: consti- tentiary not less than six months nor more than tutionality. five years." And section 4 of the act provides that "the state, upon the trial of any person indicted for keeping a house of ill fame, may, for the purpose of establishing the character of the house kept by defendant, introduce evidence of the general reputation of the house so kept, and such evidence shall be competent for such purpose." The court instructed the jury that "the burden is on the state to prove that the defendants kept the house in question, and that it was kept by them as a house of ill fame in fact, and by their procurement or permission it was resorted to for the purpose of prostitution or lewdness. For the purpose of establish- ing the character of the house kept by defendants, evidence of the general reputation of such house, as so kept, is competent for the consideration of the jury as a circumstance in the case."

It is claimed by counsel for appellants that this instruction is erroneous, because section 4 of the act above cited, and upon which the instruction is based, is unconstitutional. It is said that such a law deprives the accused of property or liberty without due process of law, because he may be con-

The State v. Haberle et al.

v.icted of crime upon evidence of the mere reputation of the house kept by him. It will be observed that, under the statute, two propositions are necessary to be established in order to authorize a conviction for the crime: (1) That the house in .question is a house of ill fame,—that is, that it is a house of bad repute or evil notoriety; and (2) that it is resorted to for the purpose of prostitution or lewdness. Under the statute in question it is competent to establish the first proposition by proof of the reputation or character of the house. The very fact required to be proved rests upon the character or reputation of the house. To establish the other required fact it is necessary to prove as a fact that the house is resorted to for the purpose of prostitution or lewdness.

The defendants' counsel cite the cases of *State v. Beswick*, 13 R. I., 211; *State v. Kartz*, Id. 528, and *People v. Lyon*, 27 Hun, 180,—as sustaining the objection he makes to the section of the law under consideration. These cases are not in point. The statutes therein declared to be unconstitutional authorize a conviction for crime upon evidence of reputation alone, without proof of the crime denounced by the law. In order to authorize a conviction of keeping a house of ill fame, it is necessary to prove the fact that it is resorted to for the purpose of prostitution or lewdness. We think the law is not unconstitutional, and that the instruction complained of is not erroneous.

The court further instructed the jury as follows: "When it is successfully proven that the general reputation of a wit-

2. EVIDENCE: ness for general moral character is bad, the witimpeachment: instruction. ness is impeached, and the jury will be warranted in disregarding the testimony of such witness, as unworthy of belief. The defendants have been witnesses in their own behalf, and are subject to be impeached, the same as any other witness." This instruction is claimed to be erroneous, because it assumes that the defendants were impeached. We do not think it is vulnerable to this objection. The use of the expression, "when it is successfully proven," etc., is

equivalent to saying, " if it be successfully proven," etc.  It is further claimed that the court, instead of directing the jury that they will be warranted in disregarding the testimony of such a witness, should have stated that they *may* be warranted in disregarding such testimony.  We are unable to perceive any difference in the form of expression.  The jury were not bound by the instruction to reject the testimony.  The evidence has not been presented to this court upon this appeal, and we cannot say that there was anything in the case requiring the instruction under consideration to be qualified in any way, as that the testimony of an impeached witness should be considered in connection with corroborative evidence.  We are to presume that the witnesses were not corroborated.  If they were, the court doubtless would have called the attention of the jury to that fact.

We think the judgment must be

AFFIRMED.