## Skinner *v.* Dawson.

*Application for Mandamus to President of Board of Convict Inspectors.*

1.  *Assessed value of stolen property, as part of costs on conviction of larceny.*—On a conviction of larceny and sentence to hard labor for the county, the assessed value of the stolen property, or the part thereof which has not been restored to the owner, is an item of the costs, and payable as other items are (Code, § 3792); but the statute does not extend to convictions followed by a sentence to the penitentiary.

APPEAL from a judgment rendered by Hon. JOHN MOORE, the presiding judge of the Fourth Judicial Circuit, refusing to grant a *mandamus* to Hon. R. H. DAWSON, as President of the Board of Inspectors of Convicts, requiring him to restore and allow an item of $80.75 as a part of the costs in a criminal prosecution against one Frank Smith, who had been convicted of grand larceny, and sentenced to the penitentiary for the term of four years.    The application for the writ was made by John L. Skinner, the owner of the stolen property.    The value of the property, or the part thereof which had not been restored to the owner, was assessed by the jury at $80.75; and it was included in the statement of the items of costs, certified by the clerk, with a copy of the judgment and sentence, to said Dawson; but it was struck out and disallowed by him, in his certified statement to the contractors to whom the convict was assigned, leaving the balance of costs as allowed $61.15.    Judge Moore refused to grant a *mandamus*, and this appeal seeks to review his decision.

J. N. MILLER, for the petitioner.

W. L. MARTIN, Attorney-General, *contra.*

*Per Curiam.*—The real question involved in this proceeding is, whether the legislature has subjected the State to the liability of paying the assessed value of stolen property, on a conviction of the thief and his sentence to the penitentiary.    Prior to the enactment of the present statute (Code

of 1886, § 3792), there was no law which authorized the court, on conviction of a person charged with larceny, to make the assessed value of the property stolen or embezzled an item of cost. The statute provides, that when the costs are paid or worked out, including the value of the property stolen, the court of County Commissioners must order a warrant upon the county treasurer, in favor of the owner, for the value thereof, to be paid out of the fund arising from the proceeds of such labor.—Code of 1886, § 3792. This clearly has reference to county convicts, whose labor is under the control of the Commissioners Court. It can not, and does not, apply to penitentiary convicts. It is a summary remedy, gratuitously given by the legislature, and it rested entirely with the legislature to provide the extent and method of payment. Indeed, the legislature might repeal the statute after the commission of a larceny and before the trial, and the owner of the stolen property could not complain. It is a mere matter of grace.

Prior to the passage of the act of February 17, 1885, "To further define and regulate the convict system."–Acts, 1884-5, pp. 187-196—the State paid no costs, although the defendant was sentenced to the penitentiary. The statute, in section 34, provides for the payment of the costs generally, out of the convict fund, on the warrant of the Auditor.

The Code, section 4609, *specifies the items of cost* which are to be paid by the State, and makes it the duty of the contractor to pay them. The act of February 28, 1887, p. 86, requires a certified copy of the bill of costs to be sent to the president of the Board of Inspectors of convicts, it must be inferred, for his approval. The general term "costs," as employed in section 4609, applies to the special words, "the particular items," mentioned in the preceding part of the section.—3 Brick. Dig. p. 749, § 21. And the act of February 28, 1887, must be read and construed in connection with section 4609 of the Code. The word "costs" has the same meaning in the statute—the items enumerated.

The costs specified are to be paid by the contractor, for the State. He advances that amount on the hire of the convicts, and it is credited with the amount so paid on his next settlement with the convict bureau.—Acts 1886-7, p. 86. This is the State paying the costs. The law must be strictly construed in favor of the State.—*Pollard v. Brewer*, 59 Ala. 130; Code, 1886, § 4892.

The purpose of the statute was to compensate witnesses

and officers. If the stolen property in this case is a part of the costs to be paid by the State, the same rule would apply in a case where very large sums are stolen or embezzled; and on a *pro rata* distribution of the $150, the maximum amount allowed, the witnesses and officers would get comparatively nothing.

With slight verbal alterations, we have adopted the argument of the Attorney-General as our opinion.

Writ denied.