# Dawson, Supt. &c. v. Matthews, Clerk, &c.

## *Application for Mandamus.*

1. *Costs in criminal cases; State not liable when death sentence commuted.*—Under the statute which created a new convict system for the State (Acts 1892–93, p. 214), there is no provision for taxing and certifying a bill of costs to the superintendent of convicts in a case where a defendant is convicted and sentenced to death, nor where the sentence of one so convicted and sentenced has been commuted by the Governor to imprisonment in the penitentiary for life; and in the absence of such provision, the costs are not payable by the State in a case where a sentence of death is commuted to life imprisonment in the penitentiary, and the superintendent of convicts can not be compelled by *mandamus*, or otherwise, to request the Auditor to draw his warrant on the State Treasurer in favor of the clerk of the court in which the judgment of conviction was had, for the payment of the costs in such case.

APPEAL from the City Court of Montgomery.

Heard before the Hon. THOMAS M. ARRINGTON.

The appellee, H. H. Matthews, as clerk of the city court of Montgomery, filed a petition, addressed to the judge of the city court of Montgomery, in which he averred that on December 9, 1893, one Hillard Smith

was duly convicted of murder in the first degree in the city court of Montgomery, and sentenced to be hanged ; that afterwards, on July 14, 1894, after the affirmance of the judgment by the Supreme Court, the sentence of death imposed by the city court was commuted by the Governor to imprisonment for life in the penitentiary ; that on September 6, 1894, the petitioner, as clerk of the city court, directed to R. H. Dawson, Superintendent of Convicts a certified copy of the sentence against the said Smith, and also a certified statement or bill of costs of said conviction, containing the items allowed by law in such cases ; that by order of said Superintendent of Convicts Hillard Smith was removed to the penitentiary, but that the said R. H. Dawson, as Superintendent of Convicts, failed and refused to request the Auditor to draw his warrant on the State Treasurer in favor of the petitioner for the correct amount of the cost bill, which was certified to him, notwithstanding the petitioner fully complied with all the requirements of the law in reference to making out and certifying the statements accompanying the sentence, and the said bill of costs.   Upon these averments the petitioner prayed for a writ of *mandamus* to be issued to R. H. Dawson, as Superintendent of Convicts, to compel him to request the Auditor to draw his warrant on the State Treasurer, in favor of the petitioner, as clerk of the city court of Montgomery, as provided by section 54 of the act "To create a new convict system for the State of Alabama." (Acts 1892–93, p. 215.)   The respondent waived the issue of the rule *nisi* and all other notice of the petition, and for answer thereto admitted the truth of each and every allegation of said petition, but denied that the petitioner was entitled to the relief therein prayed for, because the law does not provide for the payment by the State of the costs in a case wherein the sentence of death is imposed, and afterwards commuted to imprisonment in the penitentiary.

On the hearing of the petition and the answer, the court granted the prayer of the petitioner, and ordered a peremptory writ of *mandamus* to issue to R. H. Dawson, as Superintendent of Convicts, commanding him to request the Auditor to draw his warrant on the State Treasurer in favor of the petitioner, as clerk, &c., for the correct amount of the cost bill.   From this judgment

[Dawson, Supt. &c. v. Matthews, Clerk, &c.]

the respondent appeals, and assigns the same as error.

W. C. FITTS, Attorney-General for the State.—The act creating a new convict system must be strictly construed, and can not, by implication, be extended to those costs where the sentence of the court to death has, by the pardon of the Governor and the force of his order, been commuted.—Acts 1892–93, p. 214, § 54; *Skinner v. Dawson*, 87 Ala. 348; *Pollard v. Brewer*, 59 Ala. 130; Code of 1886, § 4892.

A. D. SAYRE, *contra*.—The statute creating a new convict system provides that the clerk of the court shall have a warrant in all cases, and it is one purpose of the statute to provide a means for payment of costs.—Acts 1892–93, p. 214.

HARALSON, J.—In the act to create a new convict system for the State of Alabama, (Acts, 1892-93, p. 214), it is provided in section 54 : "That upon the conviction and sentence of any person to the penitentiary, the clerk of the court in which the sentence is pronounced, shall immediately transmit to the superintendent of convicts, a certified copy of such sentence, and a certified copy of the statement put upon the minutes of the court under the direction of the court as required by this law, [which statement has reference to the convict's trade and business &c., as provided to be entered on the minutes, by section 19 of said act], and also a certified statement or bill of costs of said conviction, containing the following items only : clerk's fees for issuing subpœnas for State witnesses," &c.

By section 20 it is provided : "That the warden of the penitentiary shall receive into his custody, on the order of the Governor, any person convicted of any crime punishable by death, and whose sentence shall have been commuted to a term of years or for life, and confine such prisoner according to the terms of such order or commutation." There is no provision in the law for taxing and certifying a bill of costs to the superintendent of convicts, in case a defendant is convicted and sentenced to death, nor any in respect to a defendant who has been so convicted and sentenced, and whose sentence has been commuted by the Governor to the penitentiary for life.

By said section 54, it is further provided, in case of conviction and sentence to the penitentiary, that the superintendent of convicts—when the convict is received at the penitentiary, and he receives the bill of costs in his case, which the clerk by said section is required to certify to him—shall, if said bill of costs is correct, request the Auditor to draw his warrant on the State Treasurer, in favor of the clerk, for the correct amount of said cost bill. After the Governor had commuted the sentence of the defendant from death to the penitentiary for life, the clerk made out and certified the statements of the conviction and his costs and fees required by said section, and forwarded them to the superintendent of convicts, who, after the prisoner had been received at the penitentiary, declined to request the Auditor to pay said bill of costs. His refusal to do so, was indorsed on the cost bill as follows : "This man having been sentenced to hang, there is no law providing for my approval of this cost bill. [Signed.] R. H. Dawson, Supt." The question presented for review is, whether, under the foregoing statement of the facts, the superintendent can be required by our *mandamus* to request the Auditor to draw his warrant for the payment of said costs. There is no dispute as to the correctness of the bill.

By the common law costs and fees were different in their nature. The one was an allowance to a *party* for expenses incurred in litigation ; the other, compensation to an *officer* for services rendered in the progress of a cause. In reference to criminal prosecutions especially, our statutes do not observe the distinction between costs and fees. All the taxable costs, except witness fees, consist of fees fixed by statute for services rendered by the officers of court.—*Bradley v. The State*, 69 Ala. 318. And it is well settled, that statutes giving costs and officers' fees are not to be extended beyond their letter, and must be strictly construed, for the reason, as held, that costs are in the nature of a penalty.—*Skinner v. Dawson*, 87 Ala. 348 ; *Shields v. Sheffield*, 79 Ala. 96 ; *Kahn v. Locke*, 75 Ala. 332 ; *Pollard v. Brewer*, 59 Ala. 130 ; *Tillman v. Wood*, 58 Ala. 578 ; Code, § 4892.

The statute has not provided for such a case as we have in hand, and without it, the costs are not payable by the State. The superintendent of convicts did right to refuse to request the Auditor to pay the bill, and the

city court erred in granting the writ of *mandamus*, to compel him to do so. Its judgment to that effect will be reversed, and one will be here entered dismissing the petition of the appellee, who will pay the costs in this court and in the court below.

Reversed and dismissed.