STATE OF IOWA v. JOSEPHINE WILSON, Appellant.

**Disorderly house:** CONTINUANCE. Refusal of the trial court to grant
1  a continuance will not be disturbed unless it clearly appears unjust.

**Jurors:** CHALLENGE. A challenge of a juror for cause which states no
2  ground is insufficient.

**Evidence.** The defendant, in a prosecution for keeping a house of ill
3  repute, cannot complain that the State's evidence was limited to
two years prior to the indictment.

**House of ill fame.** One who harbors prostitutes whom she knows are
4  plying their trade, is guilty of keeping a house of ill fame.

**Pleadings:** CONSTITUTIONAL LAW. One who alleges the unconstitu-
5  tionality of a statute must point out the provision violated.

**House of prostitution.** A house of prostitution is one visited by both sexes for immoral purposes.

**Lewdness.** Lewdness is the unlawful indulgence of the animal desires.

**Instructions.** A defendant cannot complain of instructions substantially like those requested.

**Same.** Instructions directing the jury to disregard the remarks of counsel regarding the punishment, and statements not supported by the evidence, also calling attention of the jury to its duty to the State and to defendant, are sustained.

*Appeal from Mahaska District Court.*— HON. B. W. PRESTON, Judge.

TUESDAY, JANUARY 7, 1904.

THE defendant was found guilty of keeping a house of ill fame, and from a judgment on the verdict she appeals.— *Affirmed.*

*Davis & Orvis,* for appellant.

*Chas. W. Mullan,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the State.

SHERWIN, J.— The court very properly refused to grant a second continuance of the case at the defendant's request. She had been given ample time in which to prepare her defense, and the condition of her health did not preclude her attendance at the trial. When it became manifest that her motion for a continuance would not be granted, she appeared without further protest or objection. The ruling of the trial judge on applications of this kind will not be reversed unless it clearly appears that an injustice has thereby been done. *State v. Reid,* 20 Iowa, 413.

Several of the jurors were challenged for cause, and the challenges were overruled. There was no error in the rulings. The evidence on their examination as to qualifica-

tions clearly showed that they could and would try the case fairly and impartially. Moreover, the challenges stated no grounds therefor, and were insufficient. *State v. Munchrath*, 78 Iowa, 268.

Evidence supporting the indictment was limited to two years before its return. As the limitation fixed by the statute (Code, section 5165) is three years, there was no error of which the appellant may complain.

We are unable to agree with the appellant's contention that the verdict is not supported by the evidence. We have examined the evidence with care, and think it entirely sufficient. It may be unfortunate for the defendant that she is to be judged by the conduct of the chosen inmates of her house, but such is the law; and, if she harbored prostitutes whom she knew were plying their commerce therein, she must suffer the consequences. That she was the keeper of the house was proven beyond peradventure. *State v. Haberle*, 72 Iowa, 138.

It is intimated, rather than argued, that section 4944 of the Code is unconstitutional, but without pointing out just which part of the Constitution, State or National, it is claimed is infringed thereby; nor does the question seem to have been raised in the trial court. One who alleges the unconstitutionality of a statute must point out the particular provision that is violated. 8 Cyc. 800, and notes; *Gates v. Brooks*, 59 Iowa, 510. But aside from this, the statute was expressly held constitutional in *State v. Haberle, et al., supra.*

The court instructed the jury that a "house resorted to for the purpose of prostitution and lewdness" was a house visited by persons of both sexes for the purpose of having sexual intercourse, or some other lewd purpose; and in another instruction the jury was told that lewdness was the unlawful indulgence of the animal desires. Lewdness is lustfulness and lascivious behavior; a synonym of unchastity, sensuality, and debauchery. Century Dictionary. There was no error in either of the instructions. The criticism

of the fifth instruction is without merit.    Instruction 6 was, in substance, asked by the defendant, and she cannot now complain thereof.    In addition to this, it was correct.

Instruction 9 called the jury's attention to the fact that reference had been made in argument to the punishment which might be inflicted in case of conviction, and said to the jury that it had nothing to do with that question.    In the tenth instruction the jury was told that it must disregard statements in argument not supported by the evidence, and decide the case on the evidence alone, guided by the instructions.    Both instructions are abstractly correct, and we have no doubt that they were justified by arguments; but, if not, they could not have been prejudicial to the defendant.

The court also gave an instruction calling the attention of the jury to its duty to the State and to the defendant. Similar instructions have been approved by this court: *State v. Hunter,* 118 Iowa, 686; *State v. Decklotts,* 19 Iowa, 447.    The objectionable language found in the instruction in the *Hunter Case* is not present here.

The judgment is AFFIRMED.