# Long *v.* O'Rear.

*Mandamus.*

(Decided April 16, 1914.  65 South. 59.)

1. *Officer; Compensation.*—Before an officer can claim payment of fees, there must be produced a specific statute entitling him thereto.

2. *Same; Construction of Statute.*—Statutes authorizing the payment of fees to officers must be strictly construed.

3. *Clerks; Fees.*—Construing section 3, Local Acts 1901, p. 107, and Acts 1907, p. 583, and Acts Special Session 1907, p. 201, it is held that the Acts of 1907, did not entitle the clerk of the circuit court of Walker county to ex officio fees for services rendered by him in the law and equity court of Walker county.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Petition for mandamus by E. W. Long, as clerk, against Caine O'Rear, as treasurer.  Judgment denying the writ, and petitioner appeals.  Affirmed.

The petition states that Long is clerk of the Walker circuit court and ex officio clerk of the Walker county law and equity court; that for the years 1912-13 the total assessed values of Walker county, as shown by the State Auditor's report, exceeds $9,000,000.  Petition then sets out an act approved November 30, 1907, amending an act approved August 9, 1907, relative to ex officio fees of clerk, and alleges:  That on July 1, 1913, he presented a sworn statement to the commissioners' court of Walker county, showing the performance of all ex officio duties required by law, a detailed report of all services rendered, and the charge made for each item in detail.  That the commissioners' court found it correct and reasonable, and drew a warrant in favor of petitioner for $125, to cover the quarter ending June 30, 1913, and petitioner presented said war-

rant to the treasurer, who refused to pay it, although he had ample funds in his hands, as treasurer, belonging to the general fund of Walker county, to pay the same, basing his refusal on the ground that petitioner was not entitled to draw, pay for extra officio services as clerk of the Walker county law and equity.

BANKHEAD & BANKHEAD, for appellant. The Walker law and equity court is a court of concurrent jurisdiction, with the circuit court and petitioner is the de jure or de facto clerk of said court and entitled to all the fees and compensations provided.—Acts 1901, p. 107; Acts 1907, p. 201.

J. D. ACUFF, for appellee. The law gives ex-officio compensation to clerks, but does not include ex-officio clerks, and the rule is, that an officer demanding compensation must point to some clear and definite statute providing such compensation.—*Tolbert v. Hale County,* 131 Ala. 144; *Troop v. Morgan,* 109 Ala. 162.

McCLELLAN, J.—Unless an officer, who asserts his right to payment of fees to him, can point to some specific statutory authority therefor, he cannot have the payment claimed.

By section 3 of the act establishing the Walker county law and equity court, it was provided: "That the clerk of the circuit court of said county shall be ex officio clerk of the said Walker county law and equity court on the law side of the docket, and shall have all the powers and be liable to perform all the duties and be subject to all the penalties in such court as in like cases in the circuit and county court, and shall be en titled to the same fees as in like cases in the circuit and county courts now or hereafter allowed by law. The

said court shall adopt a seal for the law side of the court, which shall be in the custody of the said clerk."— Acts 1900-01, p. 107 et seq.

By the act of 1907 (Acts 1907, pp. 583-585), ex officio fees for the clerks of the circuit courts were provided for, being graduated according to the assessed valuation of property in the counties served by the particular clerk.

By an act approved November 30, 1907 (Acts Sp Sess. 1907, pp. 201, 202), amendatory of the last mentioned, it was provided: "That the provisions of said act shall include clerks of all courts having concurrent jurisdiction with the circuit courts."

The petitioner, E. W. Long, clerk of the circuit court of Walker county, claims that he should be paid ex officio fees for his service of that character in and for the law and equity court of Walker county. His claim therefor was allowed by the commissioners' court, and warrant therefor on the county treasurer was issued to him. His petition for mandamus to compel the treasurer to pay the warrant was denied below, and this appeal results.

The basic question is whether the petition, as ex officio clerk of the law and equity court of Walker county, was and is designated by the act of November 30, 1907, quoted above.

Our conclusion accords with that prevailing with the judge of the circuit court. There is no such distinct officer as clerk of the law and equity court. The duties of such a position, with reference to that court's law side, were and are imposed on the clerk of the circuit court of that county. It was the manifest purpose of the law creating the court to avoid the creation of another officer to serve as clerk of the local court's law side; and so provision was made for a then existing officer, viz.,

the clerk of the circuit court, to perform the duties of a clerk to the law side of the local court.

In these circumstances, especially in view of the exaction that all our fee statutes shall be strictly construed, the amendatory act of 1907 should not and cannot be accorded the effect of conferring the right to ex officio fees upon the clerk of the circuit court, already provided with ex officio compensation, for services rendered by that officer (clerk of the circuit court) in another court of the county. The amendatory act of 1909 effected to bring within the purview of the act of 1909 clerks (officers) of other courts of jurisdictions concurrent with that of the circuit court.

The demurrer was properly sustained, since there is no statutory authority for the payment of the ex officio fees claimed in the petition.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.