# Smith, Auditor v. Bowers, Tax Collector.

## Mandamus.

(Decided June 11, 1914.   65 South. 819.)

1. *Taxation; County Tax Commissioner; Compensation.*—Construing sections 2250 and 2251, it is held that the County Tax Commissioner was not entitled to a commission based on the additional assessment or raise by the State Tax Commission, as the powers of the State Tax Commission are original and not appellate, and its action is not dependent upon or to be invoked by the report of the County Tax Commissioner, nor in any sense an adoption or confirmation of the reassessment by the County Tax Commissioner; this is

emphasized by the fact that the State Commission with its present powers and authority was not created until 1907, while the provisions of section 2251 were enacted in 1903.

2. *Officers; Compensation; Strict Construction.*—Fees of public officers are only collectible from the state when expressly authorized by statute, and when the payment is expressly imposed, and statutes giving such fees must be strictly construed so that the liability must rest upon an expressed authorization and not on implication.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Mandamus by Phillip B. Bowers, as Tax Collector of Jefferson county, against C. B. Smith, as State Auditor, to compel a refund of certain moneys paid into the State Treasury. From a decree granting the writ, the auditor appeals. Reversed and rendered.

The facts made by the petition are, briefly, that Allen, as tax commissioner of Jefferson county, reported certain raises of taxes to the board of revenue of Jefferson county, and that said board made certain raises, but not in a sum or amount insisted upon by the Tax Commission, and that Allen had been paid such amount as commissioner on all raises so made by the board of revenue. It is then alleged that the State Tax Commission took the matter up, and increased the tax valuation of the property sought to be raised by Allen in a larger amount than that allowed by the board of revenue, but in a lesser amount than the raises attempted to be made by Allen. It is alleged that the raises made by the State Tax Commission were placed upon the assessment books and collections made of taxes according to such raises, and that the same has been paid into the State Treasury. It is alleged that Allen's commission as tax commissioner on the difference between the raises as made by the board of revenue of Jefferson county and as made by the State Tax Commission amounts to $440, and that this amount has been paid by the tax collector into the State Treasury as taxes, when it should have been paid to

said Allen as tax commissioner. The prayer is that the Auditor be compelled to issue his warrant for this sum.

R. C. BRICKELL, Attorney General, for appellant. Under the facts in this case, no amount was overpaid into the treasury, and the county tax commissioner was not entitled to the fees thus sought to be collected for him.—§§ 2250-1-2, Code 1907; *State v. Ide Cotton Mills,* 175 Ala. 539. There is no authority by which the tax commissioner can be allowed the compensation here claimed, and the rule is that some express authority must be shown before an officer is entitled to collect fees from the state. These matters can never rest in implication.—*State v. Brewer,* 59 Ala. 130; *Long v. O'Rear,* 65 South. 59.

STALLINGS, NESMITH, HUNT & JUDGE, for appellee. The intention of the lawmaker constitutes the law.— 18 Wall. 381; *Cocciola v. Wood-D. Co.,* 136 Ala. 536. The right of the county tax commissoner depends upon the proper construction of § 2223, and the various paragraphs thereof, Code 1907, and § 36 of the 1911 Revenue Law, and the application thereto of the provisions of §§ 2250-1, Code 1907. Petition was properly filed under § 2354, Code 1907.—*Bigbee F. Co. v. Smith,* 65 South. 37; *Chinnabee C. M. v. State,* 166 Ala. 119.

ANDERSON, C. J.—Section 2250 of the Code of 1907 provides the only method by which a county tax commissioner can make an additional assessment of property which has been assessed at an undervaluation, and he may do this by reporting his additional assessment to the commissioners' court, and who shall pass upon same and determine the question and fix the assessment.

Section 2251 provides, "County tax commissioner shall receive ten per cent. of the tax arising from such additional assessment," meaning, of course, the assessment mentioned in the preceding section. The result is, if the report of the county tax commissioner is sustained, in whole or in part, by the commissioners' court, he would be entitled to 10 per cent. of the tax arising from such additional assessment, and this would, no doubt, be true if the property owner took an appeal to the circuit court and the reassessment was there sustained. This would also be true if the commissioners' court declined to sustain the raise and the county tax commissioner appealed under section 2252 of the Code, and the raise, as reported by him, was sustained, but the right given to the tax commissioner to appeal, under said section, was taken away by the act of 1911, page 157.—*State v. Ide Cotton Mills*, 175 Ala. 539, 57 South 481. Therefore the assessment referred to in sec. 2251 is the assessment provided by the commissioners' court under section 2250, and the county tax commissioner's right to compensation is dependent upon the confirmation of his recommendation, in whole or in part, by the commissioners' court. It is no doubt true that the State Tax Commission has the right to set aside and declare for naught the former assessments of any tax-assessing authority, except where the valuation has been fixed and determined during the same tax year by a court of record upon appeal, but in doing this, its powers are original and not appellate, and its action is not dependent upon or to be invoked by the report of the county tax commissioner to the commissioners' court, and the assessment as finally made by the State Tax Commission is in no sense an adoption of or confirmation of the reassessment of the county tax commissioner, and the increased tax thereunder arises from the independent and

original action of the state board, and not from the assessment contemplated by sections 2250 and 2251 of the Code of 1907.

It is a well-established rule of construction that fees of public offices against the state are only collectible when expressly authorized by the statute and the payment is expressly imposed. Statutes of this character are to be strictly construed, and a liability cannot be placed by implication, but must rest upon an express authorization.—*State ex rel. Pollard v. Brewer,* 59 Ala. 130; *Skinner v. Dawson,* 87 Ala. 348, 6 South. 428; *Long v. O'Rear,* 186 Ala. 558, 65 South. 59.

We think that the statute in question confines the compensation of the county tax commissioner to raises made by the commissioners' court under section 2250. Moreover, if we were not held to the strict rule of construction, there is no room for an implication that the Legislature, in providing compensation for county tax commissioners in section 2251, contemplated or intended that he should get a commission on raises to be made by the State Tax Commission, for the reason that section 2251 was enacted in 1903, when we had no State Tax Commission, with the powers and authority of the present one, and which was not created until 1907.

The city court erred in awarding the mandamus, and the judgment is reversed, and one is here rendered dismissing the petition.

Reversed and rendered.

MAYFIELD, SOMERVILLE, and GARDNER, JJ., concur.