(100 South. 224)

**STATE ex rel. DAVIS, Sol., v. BROWN et al.**
**(6 Div. 37.)**

(Supreme Court of Alabama. April 10, 1924. Rehearing Denied May 15, 1924.)

**1. Nuisance ⬤⟳84—Evidence of general reputation of house of prostitution admissible.**

Under Gen. Acts 1919, p. 55, § 5, testimony as to general reputation of alleged house of prostitution, as well as of inmates, is admissible in suit to enjoin operation as nuisance.

**2. Appeal and error ⬤⟳1054(1)—Admission of evidence of bad reputation of alleged disorderly house held not prejudicial error.**

In suit to enjoin operation of house of prostitution, admission of police officers' testimony as to general reputation of house held not prejudicial to respondent, in view of court's rejection of same witnesses' testimony as to bad reputation of respondent and other inmates.

**3. Appeal and error ⬤⟳1009(4)—Decree not set aside unless contrary to great weight of evidence.**

Decree for respondent on testimony of witnesses, seen and heard by trial judge, in suit to enjoin operation of house of prostitution, will not be set aside unless contrary to great weight of evidence.

**4. Nuisance ⬤⟳88 — Costs cannot be taxed against state.**

In absence of statutory authority, cost of proceeding by state to enjoin operation of house of prostitution cannot be taxed against state on dismissal of bill.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill for injunction by the State of Alabama, on the relation of Jim Davis, Solicitor of the Tenth Judicial Circuit, against Hattie Brown and H. C. Bartelson. From a decree for respondents, complainant appeals. Corrected and affirmed.

Jim Davis, of Birmingham, for appellant.

Complainant should have been permitted to show the general reputation of the house. Acts 1919, p. 55; Wigmore on Evidence (2d Ed.) §§ 78, 1620; Underhill on Criminal Evidence (3d Ed.) § 702; Gray v. U. S. (C. C. A.) 266 Fed. 355; State v. West, 46 La. Ann. 1009, 15 South. 418; Smith v. State, 6 Okl. Cr. 380, 118 Pac. 1003; 18 C. J. 1266; 16 C. J. 504; State v. Price, 175 N. C. 804, 95 S. E. 478; State v. Wilson, 124 Iowa, 264, 99 N. W. 1060; 9 R. C. L. 255. It was error to tax the state with costs.

Roderick Beddow, of Birmingham, for appellees.

No brief reached the Reporter.

SOMERVILLE, J. The bill of complaint was filed by the state of Alabama, on the relation of the solicitor of the Tenth judicial circuit. It charges that the respondent Hattie Brown is operating or conducting a house of prostitution at a certain place in Birmingham, or is aiding or abetting therein, and that the place so conducted is a menace to the public morals and health. The respondent denied the charges of the bill, and a trial of the issue was had on the testimony of a number of witnesses for both the state and the respondent, who were heard by the trial judge orally in open court. A decree was rendered in favor of the respondent, the bill

━━━━━

of complaint was dismissed, and the costs taxed against the complainant.

[1] Several police officers, witnesses for the state, testified to the bad reputation of women alleged to have been living in the house with the respondent; and the solicitor offered to show by each of them that he knew the general reputation of the house, and that it had the general reputation of being a bawdyhouse, or a house where acts of lewdness or prostitution were carried on. This testimony was excluded by the trial court, and the ruling is assigned for error.

On common-law principles, it has been the settled rule in this state that, though evidence may be given of the general reputation for lewdness of the inmates of a house, the character of the house for lewdness—or, more properly, the character and mode of its operation—cannot be shown by evidence of the general reputation of the house. Wooster v. State, 55 Ala. 217; Sparks v. State, 59 Ala. 82; Toney v. State, 60 Ala. 97; Ramsey v. Smith, 138 Ala. 333, 35 South. 325. The weight of the modern authorities is apparently against this rule of exclusion. 18 Corp. Jur. 1266 [§ 92], notes 48 and 49; Wigmore on Evidence (2d Ed.) §§ 78 and 1620; Underhill on Cr. Evidence (3d Ed.) § 702; 12 Ann. Cas. 273, note.

However, the act of the Legislature which authorizes and regulates this proceeding by bill in equity (Gen. Acts 1919, p. 55, § 5) declares:

"In such action, evidence of the general reputation of the place [i. e., the place where lewdness, assignation, or prostitution is conducted] * * * shall be admissible for the purpose of proving the existence of said nuisance and shall be prima facie evidence of such nuisance and of knowledge of, and acquiescence and participation therein, on the part of the person or persons charged with maintaining such nuisance as herein defined."

It was within the power of the Legislature to make such evidence admissible; and, there being a logical and reasonable relation between the fact and the inference, to declare the prima facie effect of the fact of such general reputation in the proof of the fact of lewdness or prostitution in the conduct of the place. Zeigler v. S. & N. A. R. R. Co., 58 Ala. 594, 599; Doe v. Minge, 56 Ala. 121, 125; Stoudenmire v. Brown, 48 Ala. 699; State v. Haberle, 72 Iowa, 138, 33 N. W. 461; State v. Wilson, 124 Iowa, 264, 99 N. W. 1060.

A great many states have adopted provisions like this, and their constitutionality does not seem to have been seriously doubted. 18 Corp. Jur. 1267 [§ 92], note 49, and cases thereunder cited.

We therefore hold that the proffered testimony was admissible by virtue of the provision of section 5 of the act, and should have been received.

[2] We are satisfied, however, that its reception and consideration by the trial court would not have affected the conclusion of the trial court upon the issue of fact determined, since it would have come from the mouths of the same witnesses who testified to the bad reputation of respondent and of other women who lived in the house, and to specific acts of lewdness alleged to have been witnessed by them; and whose testimony was rejected by the court, in the face of the contradictory testimony of more numerous witnesses for respondent who were not in any way impeached.

[3] As to the decree in favor of respondent, with or without the rejected testimony, the witnesses having been seen and heard by the trial judge, we would not be justified in setting it aside as contrary to the great weight of the evidence.

[4] We are not aware of any statutory provision for taxing the costs of this proceeding against the state when the bill of complaint is dismissed. In the absence of such authority, the decree so taxing the costs in this case was erroneous. Pollard v. Brewer, 59 Ala. 130, 134; Dawson v. Matthews, 105 Ala. 485, 17 South. 19. In that respect the decree will be corrected, and as thus corrected it will be affirmed.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.