163 So.2d 596

Harry J. CARLISLE

v.

STATE ex rel. Seymore TRAMMELL, Solicitor.

4 Div. 126.

Supreme Court of Alabama.

April 16, 1964.

John C. Walters, Troy, for appellant.

Richmond M. Flowers, Atty. Gen., and Winston Huddleston, Sp. Asst. Atty. Gen., for appellee.

COLEMAN, Justice.

This is an appeal from decree denying a motion to dissolve a temporary injunction.

On December 5, 1959, the solicitor filed in the circuit court, in equity, a bill of complaint praying that the court "grant a fiat for a preliminary injunction enjoining or restraining the Respondent from maintaining and keeping . . . a gambling nuisance as defined by Title 14, Section 293, of the Code of Alabama, and that said nuisance be padlocked and abated"; and that on final hearing the injunction be made permanent.

The court did not grant an ex parte restraining order or injunction, but set the cause for hearing on December 17, 1959.

The respondent, without undertaking to make a detailed answer to the bill, filed a simple, one sentence, general denial of the allegations of the bill of complaint.

On December 17, 1959, hearing was had and the cause submitted on the verified allegations of the petition, the answer of respondent, and testimony of witnesses taken in open court.

On December 29, 1959, temporary injunction was granted.

On April 28, 1961, respondent filed motion to dissolve on the grounds that the allegations of the bill are untrue; that the proof on which the injunction was granted was insufficient to prove the allegations of the bill; that, since the issuing of the injunction, respondent has sold all of his property adjacent to the building in which the gambling allegedly took place; that the remaining part of the property can be used for legitimate purposes; that respondent "would like to rent the same" and "will have no interest or control in any manner of the property that has herein been enjoined, and can be rented."

The court set the motion for hearing on May 22, 1961. The parties stipulated as follows:

"1. That in May, 1961 further testimony was taken (in addition to that transcribed by Reporter W. M. Emory) by J. R. Sewell, Jr., the official reporter, before the Court; Mr. Sewell says his notes are lost and cannot write up the testimony he took;

"2. That defendant examined Mrs. Grover Graham, Grover Graham, Edith Graham, Marlon Graham, Lannie Davis, Foster Eich, and Mrs. G. L. Harden; each testified they had not been in the 'Old Pines' and had never seen any gambling in there—but that, the 'Old Pines' had a reputation in the community of having gambling, or permitting gambling, in there. Also examined were Officers R. E. Newman and Travis Tillery, that each had been in the 'Old Pines' on occasions but neither had ever seen gambling or gaming in there, but that the 'Old Pines' had a reputation in the community of having gambling, or permitting gambling;

"3. That this stipulation shall be considered as the testimony taken by Mr. Sewell above."

Respondent filed a motion to be permitted to place before the court the testimony of a certain witness who, apparently, did not testify on the hearing of the motion to dissolve. Respondent's motion, to place before the court said testimony, appears to have been withdrawn and the parties stipulated as follows:

"The above motion amended by being withdrawn and it is stipulated none of the officers who seized the property or any one else had a search warrant. Court may take case for submission."

The court denied the motion to dissolve by decree rendered December 19, 1961. In pertinent part, the decree recites:

"This cause heretofore coming on to be heard is submitted upon the motion of the respondent to dissolve the injunction heretofore issued by this Court whereby the respondent was restrained from operating a gambling nuisance at the premises described in the petition and known as the 'Old Pines' in Bullock County, Alabama, and whereby said premises were padlocked, and upon consideration of said motion, the argument of counsel, testimony taken orally before the Court and the testimony taken on the original hearing of the petition of the State of Alabama for said injunction, the Court heretofore took said matter under advisement. Now after having fully considered said motion, arguments, and testimony, the Court is of the opinion that said motion is not well taken and should be denied. . . ."

From the decree of December 19, 1961, respondent prosecutes this appeal.

On the hearing of December 17, 1959, several witnesses testified that the premises in question bore the reputation of being a gambling house or a place where gambling took place.

Certain officers gave testimony that on November 10, 1959, they had investigated or raided respondent's premises and had found there certain evidence of gambling. As to this evidence, as we understand the

**438**

transcript, the parties to this suit stipulated that none of the officers, who participated in the raid or investigation, "or any one else," had a search warrant.

Respondent contends that the evidence as to reputation of the premises was not admissible because it was hearsay, and that the evidence obtained in the raid without a warrant was not admissible under the rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

Respondent further contends that when the illegal and inadmissible evidence is eliminated, there is no evidence in the record to support the averment that respondent maintained a gambling place such as may be enjoined under Title 14, §§ 293, et seq., Code 1940.

■ The cause being in equity, it was the duty of the trial court, and is the duty of the appellate court, to consider only relevant, competent, and legal testimony under Act No. 101, 1943 Acts of Alabama, page 105; Code of Alabama Recompiled 1958, Title 7, § 372(1).

■ Respondent argues, we think correctly, that evidence that the premises in question had the reputation of being a gambling place or of being used for gambling was incompetent and illegal.

This court has squarely held that testimony that a house had the reputation of being a house of prostitution was inadmissible. The court said:

"There are two other assignments of error relating to the ruling of the court on the admission of evidence. The witness Overby was asked the question, 'Didn't you say that was a sporting house?' The answer of the witness was, 'It had the reputation of being one.' The plaintiff moved to exclude this answer as not being responsive to the question, and for the further reason that the character of the house could not be proven by reputation. The answer was clearly not responsive to the question. As to the other ground

of objection, it was said in Abel v. State, 90 Ala. [631] 633, 8 South. 760: 'The rule is that hearsay evidence (such as the evidence of reputation) is *in admissible* to establish any special fact capable of direct proof by witnesses speaking from their own knowledge.' In Wooster v. State, 55 Ala. [217] 221, the admission of evidence of the general reputation of the house, was *hed* to be erroneous. The court should have excluded the answer on plaintiff's motion." Ramsey v. Smith, 138 Ala. 333, 338, 339, 35 So. 325, 327.

See: State ex rel. Davis v. Brown, 211 Ala. 266, 100 So. 224.

We are of opinion that evidence that a house had the reputation of being a gambling house, or of being used for gambling, is inadmissible because such evidence is hearsay.

Act No. 101, supra, provides that the trial court shall not consider testimony which is "incompetent or illegal . . . or is hearsay." Under the statute, the evidence of the reputation of the premises is not to be considered.

■ Applying the rule that evidence obtained by an illegal search is not competent or legal in a proceeding against the party whose person or property was subjected to the illegal search, which produced the evidence, we will not consider the testimony of the officers or other persons who participated in the search, or raid, which was made without a warrant.

There remains, however, the testimony of George L. Hardin, III, who testified in part as follows:

"Q. Have you visited Harry Carlisle's place, say within the last six months?

"A. I have.

"Q. On those visits there have you observed any gambling going on?

"A. Lots of times.

"Q. Where would that be located, where were they gambling within the building?

"A. In back.

"Q. In the back room?

"A. Yes.

"Q. Would this be a card game, commonly known as poker?

"A. Seven card poker, yes.

"Q. And you have observed that many times during the past six months?

"A. Yes.

"Q. Would Mr. Carlisle be present on any of the times you have been there?

"A. He would.

"Q. What would he be doing?

"A. He would play some, and if they had enough he wouldn't play.

"Q. Would he cut the pot?

"A. Yes, he would.

"Q. What would the general cut be when you were there?

"A. A quarter a hand; it varies, usually a quarter *ahand,* maybe more.

"Q. Usually a quarter a hand?

"A. As far as I know; anyway he cut the pot.

" .    .    .    .    .    .

"Q. Buddy, you say you stopped by there quite often?

"A. A Good bit.

"Q. Was there ever any times you stopped by there when there was not any gambling going on?

"A. In the morning there would not be; most of the time in the evening they would be gambling.

" .    .    .    .    .    .

"Q. DID he ever cut your pot?

"MR. TRAMMELL: We object.

"WITNESS (interposing): We will cut them all, I can tell you.

"MR. JINKS: Your honor. If the Court will be patient, I am trying to *corelate.* I did not anticipate this witness.

"COURT: You say gambling was going on. You do know how to gamble?

"WITNESS: I know the fundamentals."

There is testimony, legal, we think, with reference to the character of the place enjoined against, as follows:

"Q. What kind of business has he got?

"A. Beer joint, got groceries, cigarettes, and coca cola.

"Q. In going *pass* there, do you see a lot of cars parked?

"A. I have, and have stopped and seen lots of cars."

■ We are of opinion that the quoted evidence is sufficient to support a finding by the trial court, who heard the testimony ore tenus, that respondent was maintaining a place which was resorted to for the purpose of gaming and was a nuisance within the meaning of § 293, Title 14.

We have examined the cases, cited by respondent, which hold that a bedroom, sleeping place, or home is not a public place within the meaning of the statute against gaming in a public place, but are of opinion that we are not concerned with that question and that the cited cases have no application here.

■ It is established that, where the testimony is taken orally before the court, on appeal the presumption is in favor of the findings of the court which are accorded the same weight as the findings of fact by

**440**

the register; and such findings have the effect of a jury's verdict and will not be disturbed unless plainly and palpably wrong. Taylor v. Hoffman, 231 Ala. 39, 163 So. 339.

We do not understand respondent to insist on any ground of the motion to dissolve other than the ground that the evidence is insufficient to support the decree granting the injunction. Being of opinion that there is sufficient legal evidence to support the granting of the injunction, we are of opinion that the decree denying the motion to dissolve is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., concur.