Robert Doyle Turner challenged a drug tax and penalty assessed by the State Department of Revenue pursuant to Ala. Code 1975, § 40-17A-1 through § 40-17A-16. The trial court affirmed the assessment and the penalty. Turner has appealed.
On February 20, 1992, law enforcement officers executed a search warrant on Turner's residence, a mobile home in Mobile County, where they seized a quantity of marijuana and some cash from the premises. The search warrant violated the Fourth Amendment to the United States Constitution; therefore, the evidence seized during the search was suppressed at Turner's criminal prosecution. However, based on a report from the arresting officer in the criminal case, the Department of Revenue, pursuant to Ala. Code 1975, § 40-17A-1 et seq., assessed against Turner a tax and a penalty for failing to have the requisite tax stamps affixed to the marijuana.
Turner appealed the tax assessment and penalty to the Mobile Circuit Court. At trial, he called no witnesses and offered no evidence tending to show that the Department of Revenue's assessment was incorrect. Turner and the Department of Revenue stipulated in court that the evidence relied upon in making the assessment had been suppressed in Turner's criminal prosecution. Turner's only argument was that, because the evidence seized pursuant to the search warrant had been excluded in the criminal trial, it should also be excluded in the civil tax trial. Nonetheless, the trial court granted the Department's motion for an involuntary dismissal under A.R.Civ.P. 41(b). The dispositive issue is whether the Fourth Amendment exclusionary rule applicable to criminal cases is also applicable to a proceeding to assess a drug tax.
The Department of Revenue may make a tax assessment based on personal *Page 569 
knowledge or information available to the Commissioner. Ala. Code 1975, § 40-17A-12(a). Tax assessments appealed to the circuit court are deemed prima facie correct, § 40-2A-7(b)(5);State Dep't of Revenue v. Birmingham Realty Co., 255 Ala. 269,50 So.2d 760 (1951), and the burden is on the taxpayer to go forth with evidence that the assessment is incorrect. State v.City Wholesale Grocery Co., 283 Ala. 426, 218 So.2d 140 (1969);Hamm v. Harrigan, 278 Ala. 372, 178 So.2d 529 (1965), cert.denied, 382 U.S. 981, 86 S.Ct. 555, 15 L.Ed.2d 471 (1966).
Turner contends that, because the evidence was seized pursuant to an illegal search warrant and was suppressed in the criminal prosecution, the evidence is also not admissible in a civil tax case. In other words, he argues that the exclusionary rule, which protects against unlawful searches and seizures, is also applicable to civil tax cases. Turner cites Carlisle v.State ex rel. Trammell, 276 Ala. 436, 163 So.2d 596 (1964), for the proposition that the exclusionary rule is applicable to civil actions as well to criminal actions. In Carlisle, the county solicitor sought and obtained an injunction closing an alleged place of gambling. In the injunction proceeding, the equity court admitted illegally seized evidence of gambling operations. On appeal, this Court held that an injunction could not be based on illegally seized evidence or on inadmissible hearsay evidence; nonetheless, the injunction ultimately was upheld because this Court felt that the admissible evidence submitted at the trial was sufficient to uphold it. We find Turner's case to be distinguishable from Carlisle.
The United States Supreme Court has never applied the exclusionary rule in a civil proceeding, state or federal. SeeUnited States v. Janis, 428 U.S. 433, 96 S.Ct. 3021,49 L.Ed.2d 1046 (1976). In Janis, for example, the Internal Revenue Service levied a tax against an individual for unreported wagering activities. The tax assessment was based on evidence obtained pursuant to a search warrant. Although that warrant was ultimately quashed, the IRS was permitted to use the seized evidence in its civil case. 428 U.S. at 455-58,96 S.Ct. at 3033-34, 49 L.Ed.2d at 1061.
The effect of the exclusionary rule on civil actions that are quasi-criminal or regulatory in nature is different from the effect it has on other civil actions. Jonas v. City of Atlanta,647 F.2d 580, 587 (5th Cir. 1981). For example, in a forfeiture proceeding, the article to be forfeited has been used in violation of a criminal law. Forfeiture is clearly a penalty for transgressing the criminal laws. Law enforcement officers, who might otherwise be tempted to violate an individual's Fourth Amendment rights by conducting illegal searches and seizures, are faced with the possibility of having the evidence that proves the criminal act excluded at trial. In Jonas, Judge Frank M. Johnson, Jr., rationalized that the benefit achieved by the marginal deterrence of further excluding the same evidence in a civil proceeding is outweighed by the societal cost of excluding relevant evidence and decreasing the possibility of obtaining accurate factual findings. Id.
The purpose of the drugs and controlled substances excise tax, codified in Ala. Code 1975, § 40-17A-1 through § 40-17A-16, is economic. The legislature promulgated this law as "an effort to compensate for the lost revenue from a section of the economy that has not heretofore borne its fair share of the tax burden." Ala. Code 1975, § 40-17A-16. A drug tax assessment by the Department of Revenue is not a criminal or a quasi-criminal proceeding. "The tax may be imposed when the commissioner of revenue has information or knowledge of the dealer's possession of drugs, regardless of whether the dealer has been convicted in a criminal proceeding for possession of a controlled substance." State Dep't of Revenue v. Drayton, 617 So.2d 675,675-76 (Ala. 1992), citing § 40-17A-12(a). We find that the exclusionary rule does not apply to a proceeding to assess a drug tax and penalty; therefore, this assessment and penalty were adequately supported by the evidence.
Based on the foregoing conclusions, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur. *Page 570