213 So.2d 199

**Lester H. HOWELL, d/b/a Howell's Grocery**

**v.**

**STATE of Alabama.**

**7 Div. 812.**

Supreme Court of Alabama.

June 20, 1968.

Rehearing Denied July 18, 1968.

Roy D. McCord, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and Jake Payne, Asst. Atty. Gen., for appellee.

MERRILL, Justice.

The State Department of Revenue made final a sales tax assessment against appellant on October 6, 1967. Appellant appealed this order to the Circuit Court of Calhoun County, In Equity, on November 1, 1967, under the provisions of Tit. 51, § 140, Code 1940. At that time, appellant filed only a surety bond for costs.

On November 24, 1967, the Attorney General filed a plea in bar pointing out that the statute required a supersedeas bond to be filed when the appeal is taken unless the assessment has been paid.

The supersedeas bond was filed on December 4, 1967. This cause came on for hearing on January 19, 1968, and on February 16, 1968, the trial court entered a decree holding that the plea in bar was "well taken" and dismissing the appeal.

Title 51, § 140, Code 1940, provides in part:

" * * * If any taxpayer against whom an assessment is made by the department of revenue under any assessment required by law to be made by the department of revenue, is dissatisfied with the final assessment as fixed by the said department of revenue, he may appeal from said final assessment to the circuit court of Montgomery County sitting in equity, or, in cases other than public utilities, to the circuit court of the county in which the taxpayer resides if the taxpayer has within the state a permanent residence, at the option of the taxpayer, by filing notice of appeal with the secretary of the department of revenue and with the register of the circuit court of the county to which the appeal shall be taken within thirty days from the date of said final assessment made and entered on the minutes of the department as required by law, and in addition thereto by giving bond conditioned to pay all costs to be filed with and approved by the register of the court to which the appeal shall be taken. The taxpayer shall pay the assessment so made before the same shall become delinquent and if such taxes are not paid before the same becomes delinquent, the court shall upon motion *ex mero motu* dismiss such appeal, unless at the time of taking the appeal the taxpayer has executed a supersedeas bond with sufficient sureties to be approved by the register of the court to which the appeal shall be taken in double the amount of the taxes payable to the State of Alabama, conditioned to pay all taxes, interest and costs due the state, county or any agency or subdivision thereof. * * * "

It is undisputed that appellant did not file his supersedeas bond when he gave notice of appeal and that his taxes were delinquent at that time.

In Ex parte State ex rel. Attorney General, 252 Ala. 149, 39 So.2d 669, the State made a motion to dismiss an appeal taken under Tit. 51, § 140, on the ground that the taxpayer "had neither paid the assessment made against him nor had he filed a supersedeas bond as required by section 140, Title 51, Code." We held in that case: (1) The right of appeal in such proceedings is a right conferred by statute, and must be exercised in the mode and within the time prescribed by the statute; (2) It is within the legislative competency to require the payment of taxes as a condition precedent to an action questioning the amount of taxes due; and (3) That part of § 140 requiring the payment of taxes before delinquent or the posting of a supersedeas bond as a condition precedent to an appeal from a final assessment to the circuit court does not violate Sections 10 and 13 of the Constitution of Alabama of 1901 or the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States. Some of these principles were followed and applied in Denson v. First National Bank of Birmingham,

276 Ala. 146, 159 So.2d 849, and Dowda v. State, 274 Ala. 124, 145 So.2d 830.

The trial court correctly held that the purported supersedeas bond was filed too late and properly dismissed the appeal pursuant to the provisions of Tit. 51, § 140, Code 1940.

In fairness to counsel for appellant, we state that the record does not show an appearance by them until after the State had filed the plea in bar.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.