This is a tax case arising from circuit court in Montgomery County, Alabama.
Timothy Dane Moore (herein Moore) and Jane K. Moore, his wife, were served with a proposed assessment for income tax by the Alabama Department of Revenue (herein the department) on December 9, 1982. The notice of assessment stated that a hearing was scheduled for January 6, 1983, at which time the taxpayer could appear and show cause why the assessment should not be made final. Moore appeared at the hearing and demanded that the department produce the sources upon which the calculation and assessment of the taxes had been made. The department declined to comply with his demands. Another meeting was scheduled and Moore appeared with a court reporter and evidence on his behalf. The department refused to allow the court reporter and ordered that no hearing be held.
On January 24, 1983, the department entered three Final Assessments of Income Tax against Moore and his wife for the calendar years 1979, 1980 and 1981. On January 26, 1983, Moore filed a Verified Complaint and Petition for Writ of Mandamus seeking relief by way of mandamus and declaratory judgment. Moore claimed the department had a duty to specify the factual basis for the proposed assessments and that he was entitled to examine that evidence in order to prepare his case.
Moore did not pay the tax due on the final assessments at the time of filing his complaint and petition for mandamus, nor did he post a supersedeas bond in double the amount of taxes due on the final assessments.
Thirty days elapsed from the date of the issuance of the final assessments without Moore serving a Notice of Appeal with the Secretary of the Department of Revenue or paying the tax or in the alternative posting a supersedeas bond as required by §40-2-22, Code of Alabama 1975. The trial court dismissed the lawsuit on the grounds that Moore had failed to follow the proper procedure under § 40-2-22 to get into circuit court. Moore subsequently appealed that dismissal to this court.
Appellant Moore raises four issues on appeal, each of which involves the question of whether § 40-2-22 of the Code is the proper and exclusive method for challenging a final assessment for income tax issued by the Alabama Department of Revenue. We hold that § 40-2-22 is the proper and exclusive method of attack on a final assessment for taxes.
First, Moore contends that § 40-2-22, which provides a procedure for appeal from a final assessment for tax, is not a bar in the present case because he claims that the assessment had not become final at the time he filed his claims in circuit court. He argues that the assessment was not final because finality only occurs at the end of the thirty-day period allowed for judicial appeal.
Moore's interpretation however is erroneous, for § 40-18-40
of the Code, dealing with the assessment of income taxes, provides that a hearing is to be set to hear the protests of a taxpayer and "upon hearing such protest or if the taxpayer *Page 746 
fails to appear on the day set, the department of revenue shallfinally fix, determine and assess the amount of tax due and notify the taxpayer thereof. . . ." (Emphasis added.) In the present case, a hearing was held on January 6, 1983, and a final assessment of income tax was entered on January 24, 1983. Once the final assessment is entered a party has thirty days to appeal to the circuit court from the final assessment. Thus the thirty-day period is an appeal period and not a waiting period for the finality of a tax assessment to accrue.
Appellant Moore also contends that § 40-2-22 cannot operate to set aside the administrative procedural protections established in § 41-22-25, Code of Alabama 1975, otherwise known as the Alabama Administrative Procedure Act (AAPA). Section 41-22-25 specifies that the AAPA does not affect those proceedings commenced prior to October 1, 1983. Therefore, since the instant case began prior to October 1, 1983, the department was not required to follow AAPA procedures. The applicable procedures for determining a final tax assessment and for appealing such assessment were those delineated in §40-18-40 and § 40-2-22 of the Alabama Revenue and Taxation Act.
Moreover, this court recently stated that "where a special statutory provision is provided as an exclusive method of review for a particular type case, no other statutory review is available." Parsons v. State Board of Registration,416 So.2d 1031, 1033 (Ala.Civ.App.), cert. denied (Ala. 1982). This court has held that § 40-2-22 is the exclusive method by which a taxpayer may contest a tax assessment. See, State v. Ladner Co., 346 So.2d 1160 (Ala.Civ.App. 1977). Section 40-18-40
specifies that an appeal from an assessment may be had in the manner provided in § 40-2-22. See Outlaw v. State, 244 Ala. 153, 12 So.2d 388 (1943). Thus, the means of appeal are exclusive and Moore may not circumvent § 40-2-22 by attempting to use the Alabama Administrative Procedure Act.
On appeal Moore challenges the constitutionality of § 40-2-22
under the fifth and fourteenth amendments of the United States Constitution. The statute is not unconstitutional. "The right of appeal, as well as the procedure used to perfect such appeal in tax proceedings, is purely statutory, a matter of legislative discretion, and involves no inherent right of the Taxpayer." Valentine v. State, 403 So.2d 270 (Ala.Civ.App. 1981); McLendon v. State Department of Revenue, 395 So.2d 71
(Ala.Civ.App. 1980), cert. denied, 395 So.2d 73 (Ala. 1981).
The Alabama Supreme Court has held that the forerunner of §40-2-22 did not violate constitutional provisions. The court stated that,
 "[T]he extent of as well as the procedure used to perfect an appeal under 40-2-22 is a matter of legislative discretion, and it is within legislative competency to require the payment of taxes or the execution of a bond as a condition precedent to an action questioning the amount of taxes due."
McLendon v. State Department of Revenue, supra, citing Howellv. State, 282 Ala. 464, 213 So.2d 199 (1968). Requiring payment of taxes before delinquency occurs or posting of a supersedeas bond as a condition precedent to an appeal from a final assessment to a circuit court "does not violate Sections 10 and 13 of the Constitution of 1901 or the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States." Howell v. State, supra, quoting Ex parte State ex rel Attorney General, 252 Ala. 149,39 So.2d 669 (1949). Even if a party directly attacks the constitutionality of the taxing system, the procedures of §40-2-22 must be followed. Radue v. Bradshaw, 289 Ala. 481,268 So.2d 760 (1972).
Lastly, Moore raises the question of whether § 40-2-22 can deprive the circuit court of jurisdiction to issue a writ of mandamus ordering the department to grant him an administrative hearing. Moore did not comply with § 40-2-22, but rather sought relief through filing a "mandamus and declaratory judgment action" to contest *Page 747 
the procedures after the final assessments had been entered. Alabama courts have held that a declaratory judgment cannot be used as a substitute for an appeal. Lambert v. State Departmentof Revenue, 414 So.2d 983 (Ala.Civ.App. 1982); Sparks v. Brock Blevins, Inc., 274 Ala. 147, 145 So.2d 844 (1962); and Statev. Woodroof, 253 Ala. 620, 46 So.2d 553 (1950). Moreover, a mandamus action cannot be used to collaterally attack a final assessment issued by the Department of Revenue and is not a substitute for an appeal under the provisions of § 40-2-22,Hamm v. Harrigan, 278 Ala. 372, 178 So.2d 529 (1965).
In summary, however sincere and meritorious a complaint a party may have, the "Circuit Court is expressly granted the right to decide questions as to the legality of an assessment."Lambert v. State Department of Revenue, supra. In order for jurisdiction to exist enabling a circuit court to entertain a challenge to the assessment a party must comply with the procedures of § 40-2-22. Appellant Moore did not comply with §40-2-22, therefore we must affirm the trial court's ruling that because Moore failed to comply with § 40-2-22 he was not properly before the court and his complaint could not be entertained.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.