ADAMS, Justice.
Defendants, James Warren and Wanda Warren, appeal from the St. Clair County Circuit Court’s judgment against them and in favor of plaintiff. We affirm.
According to the complaint, plaintiff, Ronald Riggins, entered into ar contract with defendants whereby defendants purchased 1500 shares of stock in Pell City Dodge, Inc., from plaintiff and agreed to hold plaintiff harmless from certain debts of Pell City Dodge, Inc., for which he was a guarantor. Riggins claimed that defendants breached their contract by failing to hold him harmless from the debts, and, as a result, Riggins filed suit. The case was set for trial numerous times, and, after almost four years, the court dismissed the case for want of prosecution on July 25, 1983.
On January 8, 1985, Riggins filed a motion for relief from the judgment dismissing the case, pursuant to Rule 60(b)(3), A.R.Civ.P., which allows such relief on the basis of the fraud of an adverse party. In this motion, plaintiff alleged that he allowed the case to be dismissed in reliance upon the Warrens’ promise to execute a promissory note to him for $6,800.00 once the case was dismissed. No such promissory note was executed by either of the defendants.
On March 29, 1985, the circuit court granted plaintiff’s Rule 60(b)(3) motion to set aside the judgment, and reinstated the case on the docket. On May 22, 1985, the day the case was to be tried, James Warren appeared before the court and consented to a $13,000.00 judgment against him. At the same time, a default judgment was entered against Wanda Warren ' for $13,000.00. Both James and Wanda Warren appealed.
The issue presented for our review in this case is whether the trial court erred when it set aside the final judgment which dismissed plaintiff’s case.
Defendants argue that the trial court erred in granting plaintiff relief because the motion was made 17 and one-half months after the judgment was entered, and Rule 60(b) provides that such a motion must be made within four months of the entry of judgment. We do not agree with defendants’ argument.
At the outset, we recognize that the trial court has wide discretion when presented with a motion for relief from judgment pursuant to Rule 60(b), A.R.Civ.P., and, absent abuse of this discretion, the court’s judgment will not be reversed. Pierson v. Pierson, 347 So.2d 985 (Ala.1977). The portions of Rule 60(b), A.R.Civ.P., that are germane to this appeal, are printed below:
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: .... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.... The motion shall be made within *414 a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken.... This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three years after the entry of the judgment (or such additional time as is given by Tit. 7, §§ 36 and 42 Code of Ala.) to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.
The Committee Comments to Rule 60(b) provide:
The normal procedure to attack a judgment under this rule will be by motion in the court which rendered the judgment. If the relief does not appear to be available under the rule, or if relief from the judgment is sought in some other court than the court which rendered the judgment, the party should bring an independent proceeding. 3 Barron & Holtzoff, Federal Practice and Procedure, § 1331 (1958). Wright ed. But an erroneous choice between these procedures is not fatal to the party attacking the judgment. There is little procedural difference between the two methods of attack, and since nomenclature is unimportant, courts have consistently treated a proceeding in form an independent action as if it were a motion, and vice versa, where one but not the other was technically appropriate, and any procedural difference between them was immaterial in the case. Hadden v. Rumsey Products, 196 F.2d 92 (2d Cir.1952); 7 Moore’s Federal Practice, § 60.38(3) (2d ed.1971).
Thus, according to the above-quoted language, an incorrect choice between these procedures will not be fatal to a party’s claim for relief from the judgment. In the instant case, plaintiff made his motion well within the three-year period set forth in the rule pertaining to independent actions. Therefore, it was timely under the rule.
Support for the trial court’s grant of plaintiff’s relief can be found in that portion of Rule 60(b), A.R.Civ.P., which states that the court can set aside a judgment for fraud upon the court. During the May 22, 1985, proceeding, when the consent judgment was entered, the court stated, “Y’all were supposed to have worked out some sort of agreement and I dismissed the case.” This statement evidences the court’s belief that defendants have perpetrated a fraud upon the court by agreeing to execute a promissory note and then failing to do so. Thus, the court’s decision to reinstate the case to the docket could also have been based upon its determination that defendants were guilty of perpetrating a fraud upon the court.
Therefore, since we have concluded that the trial court’s decision was supported by the language of Rule 60(b), A.R.Civ.P., its judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.