In August 1984 the State of Alabama Department of Revenue (Department) entered two separate final jeopardy assessments of the Drugs and Controlled Substances Excise Tax Act (Act) against John *Page 122 
Paul Briney, a taxpayer. These assessments were made pursuant to § 40-29-91, Code 1985, which authorizes the commissioner of revenue to enter final jeopardy assessments.
Under the Act no dealer may possess, distribute, sell, transport, import, transfer, or otherwise use controlled substances unless tax has been paid on the substance as evidenced by a stamp or other official indicia. § 40-17A-4, Code 1975 (Cum.Supp. 1990). A "dealer" is defined as one who possesses or traffics more than 42.5 grams of marijuana or seven or more grams of any other controlled substance. The Act provides a varying rate of tax, depending on the type of drug, and makes the dealer subject to an additional penalty equal to the amount of tax imposed. The Act also subjects the dealer to criminal prosecution for failure to affix the appropriate stamps to indicate that tax on the drugs has been paid.
In this case, the defendant was charged with possession of 989 dosage units of LSD and was assessed a tax of $80,000. Briney appealed these assessments to the Circuit Court of Tuscaloosa County, and the case was submitted for judgment on a joint stipulation of facts. The court entered judgment for the Department and Briney filed a motion for new trial. The motion was denied by operation of law and Briney appeals.
On appeal, Briney challenges the constitutionality of the Act under several provisions of the state and federal constitutions. Briney first argues that the Act violates his constitutional privilege against self-incrimination.
In determining whether a State tax statute violates the privilege against self-incrimination, the central issue is whether the claimant is confronted by a substantial and real hazard of incrimination if he complies with the statute.Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697,19 L.Ed.2d 889 (1968). There are several elements to be considered in settling this issue.
First, a court is to examine whether the activity regulated is in an area permeated with criminal statutes and whether those engaged in the regulated activity are a group inherently suspect of criminal activities. Marchetti. Obviously, this element has been met in the instant case; drug dealing is an area permeated with numerous criminal statutes, and those who engage in it are criminals.
A second significant element to examine is whether the taxpayer is required on pain of criminal prosecution to provide information which he might reasonably suppose would be available to prosecuting authorities. Marchetti. The court should also consider whether the information that the taxpayer is required to provide to the revenue agency would surely prove a significant link in the chain of evidence tending to establish his guilt. Marchetti.
Under the Act, a drug dealer is required to admit to possession of illegal drugs and to disclose the amount and quality of substance possessed. He is also required to disclose his name and address. The Act does not in any way provide immunity from criminal prosecution for a dealer; however, it does contain the following provision in § 40-17A-13:
 "[N]either the commissioner nor a public employee may reveal facts contained in a report or return required by this chapter, nor can any information contained in such a report or return be used against a dealer in any criminal proceeding, except in connection with a proceeding involving taxes due under this chapter, unless such information is independently obtained."
Pursuant to this statute, we do not find that a drug dealer could reasonably assume that information he provides to the Department would later be used in a criminal prosecution against him, or establish a crucial link in the chain of evidence that convicts him. Indeed, § 40-17A-13 is nothing less than an absolute exclusionary rule, whereby any information that the Department improperly discloses is inadmissible unless it is obtained from another source. Further, anyone who violates this section by revealing confidential information is *Page 123 
subject to a Class C misdemeanor punishable by a fine of $500. § 40-17A-13(b). The Act specifically states that it is not intended to "inculpate anyone or otherwise cause any individual to incriminate himself or herself in violation of that person's constitutional rights."
These provisions act as adequate safeguards against any threat of self-incrimination under the Act. Thus, pursuant to the guidelines set out in Marchetti, we do not find that the Act violates the defendant's fifth amendment privilege.
The defendant next argues that the Act does not provide for procedural due process of law, as required by the state and federal constitutions.
Under the Act, once a dealer is assessed tax upon his cache of illegal drugs, he must immediately pay the tax or the revenue commissioner may, without court order, levy upon the dealer's property or assets to obtain immediate collection of the tax. § 40-17A-12(a). The defendant argues that this is a deprivation of property without opportunity to be heard, and is therefore violative of his right to procedural due process.
The courts of Alabama have consistently upheld tax statutes which allow the assessment of taxes without first giving the taxpayer the opportunity to challenge the tax. Howell v. State,282 Ala. 464, 213 So.2d 199 (1968); Moore v. State Dept. ofRevenue, 447 So.2d 744 (Ala.Civ.App. 1983); Valentine v.State, 403 So.2d 270 (Ala.Civ.App. 1981). Moreover, we have previously stated that requiring the payment of taxes as a condition precedent to an appeal from the assessment does not violate the due process provisions of the state and federal constitutions. Moore.
The United States Supreme Court addressed a similar issue concerning a final jeopardy assessment under federal law inCommissioner v. Shapiro, 424 U.S. 614, 96 S.Ct. 1062,47 L.Ed.2d 278 (1976). There, the Court held that where property rights are involved, mere postponement of the opportunity to be heard is not a denial of due process, if the opportunity ultimately given is adequate.
We find that this holding is instructive here. Final jeopardy assessments such as the one before us may be appealed to the appropriate circuit court of Alabama in the manner provided for by statute. § 40-29-91(e). This affords the taxpayer the opportunity to challenge the validity of the tax and to receive a refund if the payment of the tax was illegally assessed. This constitutes an adequate, meaningful opportunity to be heard; thus the Act does not violate a taxpayer's right to procedural due process.
The defendant next argues that the Act violates his constitutional right to substantive due process. The defendant correctly states that economic legislation which does not employ suspect classifications or fundamental rights must be upheld when the State's means are rationally related to a legitimate governmental purpose. Johnson v. United States Dep'tof Agriculture, 734 F.2d 774 (11th Cir. 1984).
The Act provides a means by which the State can receive revenue from drug dealers, a sector of the economy that imposes immeasurable costs upon the State but does not bear its fair share of the tax burden. Obviously, the assessment of the tax is the most rational way of imposing this burden; thus the defendant has suffered no deprivation of substantive due process.
Finally, the defendant argues that the Act violates his constitutional protection against double jeopardy.
The double jeopardy clause protects against a second prosecution for the same offense after conviction or acquittal, or multiple convictions for the same offense. North Carolina v.Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The protection of the double jeopardy clause is normally triggered only by a sovereign's attempt to criminally punish a defendant twice for the same offense. United States v. One Assortment of89 Firearms, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361
(1984). The double jeopardy clause usually has no application where the defendant incurs civil liability for criminal acts. However, *Page 124 
in certain rare cases civil statutes may impose liability that is so punitive as to be no longer civil in nature. UnitedStates v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487
(1989).
In this case, the Act does not impose liability that is fundamentally punitive. Rather, the Act is a remedial measure whereby those who have previously escaped taxation may finally be assessed the amount they owe, with the same penalties for nonpayment to which all taxpayers are subject. § 40-17A-16. We find that the Act's remedial purpose far outweighs any punitive effect it may have. We note that the Act does impose criminal prosecution on a dealer, but only for his failure to pay the tax. The Act does not subject the dealer to multiple criminal prosecutions for the same offense; thus the double jeopardy clause has no application here.
There being no further issues, the trial court's judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.