In May 1989 Curtis Lee Drayton was arrested for possession of approximately 53.7 grams of cocaine. At the time of the arrest, certain items of jewelry were seized from Drayton's person as drug proceeds.
In August 1989, while Drayton's criminal case was pending, the State of Alabama Department of Revenue (Revenue Department) entered a final jeopardy tax assessment against Drayton in the amount of $21,600. This was done pursuant to the Marijuana and Controlled Substances Excise Tax Act, §§ 40-17A-1 through -16, Code 1975, which allows the State to tax drug dealers for the contraband found in their possession. This excise tax may be imposed when the commissioner of revenue has information or knowledge of the dealer's possession of drugs, regardless of *Page 672 
whether the dealer has been convicted in a criminal proceeding for possession of contraband. § 40-17A-12(a). A taxpayer may appeal this excise tax by following the procedures outlined in § 40-2-22, Code 1975, within 30 days of the assessment. Drayton did not file an appeal of the tax levied against him and did not pay the tax.
In March 1990 the Montgomery County District Attorney filed a petition for condemnation of the jewelry seized from Drayton at the time of his arrest. The petition was filed in accordance with § 20-2-93, Code 1975, which allows the State to condemn proceeds that are traceable to drug transactions. This right of action is in no way related to the excise tax in § 40-17A-1. Indeed, the State's right of condemnation takes precedence over any action by the Revenue Department to collect this tax. §40-17A-13(d).
In June 1991 the criminal case against Drayton went to trial. During the course of the proceedings, it was discovered that the district attorney had suppressed evidence which indicated that the drugs in question were not actually found in Drayton's possession. On the basis of the fraud perpetuated on the court by this prosecutorial misconduct, Drayton was acquitted. However, the condemnation action against his jewelry remained pending, and the Revenue Department continued to seek payment of the tax levied against him.
In October 1991 the Revenue Department attached a levy against the jewelry, which was already the subject of the State's condemnation action, and gave notice to Drayton that the jewelry would be sold. Drayton then filed a petition for a temporary restraining order to enjoin the Revenue Department's sale of his jewelry and this was granted. Drayton also filed a motion to add the Revenue Department as an additional plaintiff in the State's condemnation proceeding against him.
After a hearing on the motion, the Revenue Department was added as an involuntary plaintiff in the condemnation proceeding. Drayton subsequently filed a complaint for preliminary injunction against the Revenue Department to enjoin the assessment and resulting lien on his jewelry.
In March 1991 the Revenue Department filed a motion to dismiss, alleging that the trial court did not have jurisdiction over the issues arising from the tax assessment. After a hearing on this motion, the trial court decided the case on the merits of both the condemnation action and the tax assessment. Acting ex mero motu, the court added the State Tax Commissioner as a defendant in the complaint for preliminary injunction filed against the Revenue Department; the Commissioner was added personally and in his official capacity. The trial court also deemed Drayton's pleadings to be a request for relief under Rule 60(b), Alabama Rules of Civil Procedure. The court denied the Revenue Department's motion to dismiss, then entered judgment in favor of Drayton on the issue of condemnation of proceeds. The court also nullified the tax assessment against Drayton. The Revenue Department appeals.
The Revenue Department first argues that the court did not have equity jurisdiction in this case because equity actions are specifically precluded by the Tax Act. Sections40-17A-12(b), Code 1975, provides as follows:
 "No person may bring suit to enjoin the assessment or collection of any taxes, interest, or penalties imposed by this chapter except law enforcement officials when acting for the purpose of carrying out [a condemnation action]."
The Revenue Department contends that under the plain language of this section the trial court had no power in equity to nullify the assessment against Drayton.
We recognize that the legislature may enact statutes which restrict equity actions, even in matters where the equity court has original jurisdiction. Evans v. Wilhite, 167 Ala. 587,52 So. 845 (1910). See also Rose v. Beckham, 264 Ala. 209,86 So.2d 275 (1956); Little v. Gavin, 244 Ala. 156, 12 So.2d 549
(1943). However, the language of a statute which restricts the court's equitable powers must be strictly construed. City ofAdamsville v. City of Birmingham, 495 So.2d 642 (Ala. 1986); *Page 673 Dennis v. Prather, 212 Ala. 449, 103 So. 59 (1925).
In Dennis taxpayers brought suit in equity to enjoin the holding of a county seat election, even though pertinent statutes prohibited equitable actions to determine the legality, conduct, or results of any election. However, the court determined that this restriction on equitable actions was passed in order to avoid the delay or disruption of a lawful
election. As construed by the court, the statute only protected elections that were authorized by law for a valid purpose. Injunctive relief was thus available to enjoin an election that was unauthorized by law, and to prevent the exercise of "any form of official power derived through or by virtue of an election not authorized by law and therefore wholly void." This reasoning has been consistently upheld in similar cases under this elections statute. See Adamsville; Birmingham Gas Co. v.City of Birmingham, 250 Ala. 137, 33 So.2d 475 (1947). Seegenerally Wilkinson v. Henry, 221 Ala. 254, 128 So. 362 (1930).
Although it centers on an elections statute, we believe that the supreme court's reasoning in Dennis is analogous here. It is clear that the Tax Act prohibits any equitable actions against the collection of a tax assessment that is lawfully made under the chapter. Such an assessment is lawful when it is imposed on the basis of "personal knowledge or information known to the commissioner." § 40-17A-12(a). Here, the trial court specifically found that the assessment against Drayton was based solely on the same fraud that was worked on the court in his criminal proceeding. There is absolutely no evidence in the record to indicate that Drayton's assessment was based on any other information or on any personal knowledge of the commissioner. We must therefore accept the trial court's finding as true, Ford v. Lines, 505 So.2d 1229
(Ala.Civ.App. 1986), and conclude that the tax against Drayton was not levied in accordance with the requirements of the Tax Act.
The language of § 40-17A-12(a) serves to restrict the court's equity jurisdiction in cases where a tax is properly assessed under the Tax Act, but does not restrict such challenges where the tax is levied on the basis of fraud. Here, as in Dennis, such language cannot be construed to prevent the equitable challenge of an official act that is unauthorized by the law itself.
The Revenue Department next argues that the court could not grant equitable relief for Drayton because he had an adequate and exclusive remedy at law.
The Revenue Department points out that in order for a taxpayer to challenge a final assessment of tax, the individual must file notice of appeal and bond to pay all costs of the appeal with the clerk or register of the court within 30 days of the assessment, and must either pay the assessment or execute a supersedeas bond with sufficient sureties to be approved by the clerk or register of the court. § 40-2-22, Code 1975. The Revenue Department argues that the jurisdiction of the circuit court is invoked solely by the procedure set out in this statute and that noncompliance with this legal remedy precludes the court's setting aside of the assessment.
The requirements of § 40-2-22 are unambiguous and require strict compliance. Baird v. State Dep't of Revenue,545 So.2d 804 (Ala.Civ.App. 1989). It has been held that a taxpayer who fails to perfect an appeal from a final tax assessment pursuant to § 40-2-22 may not thereafter have the assessment set aside by a Rule 60(b) motion, State v. Ladner Co., 346 So.2d 1160
(Ala.Civ.App. 1977), or by a petition for writ of mandamus or declaratory judgment action. Moore v. State Dep't of Revenue,447 So.2d 744 (Ala.Civ.App. 1983). These and other cases have established that taxpayers cannot resort to these extraordinary remedies in order to bypass their own failure to properly appeal the assessment. Because the right of appeal in a tax assessment case is purely statutory, no right of appeal exists outside of the process established by the legislature. Moore.
Where this process of appeal is available to the taxpayer, equity is not *Page 674 
properly applied because there is an adequate remedy at law.Ladner; Sparks v. Brock Blevins, Inc., 274 Ala. 147,145 So.2d 844 (1962). However, the Supreme Court of Alabama has refused to absolutely limit the powers of equity to restrain the collection of illegal taxes. In certain special circumstances the court's equitable powers may be invoked to challenge an assessment. See generally Alabama Gold Life Ins.Co. v. Lott, 54 Ala. 508 (1875). In Nachman v. State TaxComm'n, 233 Ala. 628, 173 So. 25 (1937), the Alabama Supreme Court outlined the circumstances under which equity may be so invoked against a state tax:
 "Of course, if the taxpayer should pay the tax under protest, but has no adequate and complete remedy at law to recover the money paid, if its payment was illegally exacted, this would justify the interposition of a court of equity to restrain the collection until there could be a judicial determination of the legality of the tax. There may be, and doubtless are, other cases in which it would be permissible for the taxpayer to resort to a court of equity for relief by injunction."
Here, Drayton's only remedy at law for the recovery of his jewelry was the appeals process set out in § 40-2-22. Drayton points out that during the period when he could have appealed the assessment of tax against him, he was undergoing a criminal trial for drug dealing and the "overwhelming" weight of evidence in that trial established his guilt. Drayton argues that an attempt to appeal the tax assessment at that time would have been meaningless in light of his apparent guilt. After it was discovered that the evidence against him in the criminal trial was fraudulent and Drayton was acquitted, the time for appeal of the tax had expired.
Under Rule 60(b), A.R.C.P., the trial court has the inherent authority to set aside or vacate a judgment because of supervening invalidity based on fraud practiced upon the court by a party in the procurement of the judgment. Warren v.Riggins, 484 So.2d 412 (Ala. 1986). In order to secure equitable relief, it must appear that the fraud was practiced in the very act of obtaining the judgment, thus preventing a true contest of the subject matter before the court. Graham v. Graham,251 Ala. 124, 36 So.2d 316 (1948). Here, the court found that the assessment against Drayton was procured solely through a fraud against the court, and thereby exercised its power under Rule 60(b) to nullify the assessment. However, in so doing the trial court noted that its dismissal in no way prejudiced the State's right to bring another assessment against Drayton, based upon evidence that is lawful under § 40-17A-12(a).
We are mindful of State v. Ladner Co., wherein this court specifically held that Rule 60(b) is not available to set aside a final tax assessment where the taxpayer fails to properly appeal the tax. However, in Ladner no constitutional flaw prevented the taxpayer from appealing the assessment against him; thus, his remedy at law was adequate and complete. In this case, Drayton's right of appeal was compromised by fraud and he was left with no adequate remedy at law for the recovery of his property.
We do not intend to undercut the body of law which requires the exhaustion of statutory appeals before a tax may be challenged in court. However, in this case the process of statutory appeal was poisoned. We believe that this is precisely the sort of exceptional circumstance that was envisioned by the supreme court in Nachman. Therefore, after reviewing the record and the trial court's order, we must conclude that the trial court properly invoked its equity jurisdiction under Rule 60(b) to set aside the tax assessment against Drayton.
In setting aside a judgment under Rule 60(b), the court is given wide discretion to balance the desire to remedy injustice against the need for finality of judgments. See Comments, Rule 60(b), A.R.Civ.P. Moreover, once equity assumes jurisdiction of a cause, it may afford complete relief when it has jurisdiction on any ground. Carter v. State ex rel. Bullock County,393 So.2d 1368 (Ala. 1981). The *Page 675 
court's judgment will not be reversed on appeal except for an abuse of its discretion. Reese v. Robinson, 523 So.2d 398
(Ala.Civ.App. 1988). We have thoroughly reviewed the court's actions in this case and find no such abuse of discretion. Accordingly, its judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.