In August 1992 Richard Lee Milner was arrested for possession of approximately 9 pounds of marijuana. (In September 1993 Milner pleaded guilty to a federal charge of distribution of marijuana. He was sentenced to 33 months imprisonment and was fined $5,000.)
In December 1992 the Alabama Department of Revenue executed a final jeopardy assessment against Milner in the amount of $31,353. The assessment was made pursuant to the Steve Hettinger Drug Enforcement Act. §§ 40-17A-1 through -16, Code 1975. The assessment was based on Milner's failure to purchase and affix drug stamps to the 4,479 grams of marijuana found in his possession.
Milner appealed the assessment to the Montgomery County Circuit Court, generically questioning the constitutionality of the Act. He specifically asserted that the imposition of the assessment was in violation of his rights to "due process." The department filed a motion for summary judgment. Milner did not file any documents in opposition to the motion. A hearing was held on the motion. (A transcript of the hearing is not in the record.) Following the hearing, Milner filed a motion to amend his notice of appeal, with the amendments attached. In the amended notice, Milner questioned the imposition of the assessment as it related to his rights to be free from self-incrimination, double jeopardy, excessive fines, and cruel and unusual punishment. Milner did not request a hearing on the amendment, and no hearing was held. The trial court subsequently entered a judgment in favor of the department, confirming the assessment. The trial court's judgment was concerned only with the double jeopardy issue. Milner did not file a post-judgment motion.
Milner appeals and raises numerous constitutional issues for our consideration. It *Page 501 
appears from the record and the court's order that the only issue considered at the trial level was the issue concerning double jeopardy. We, therefore, consider the double jeopardy issue to be the only matter properly raised for our review.Pate v. City Council of Tuscaloosa, 622 So.2d 405
(Ala.Civ.App. 1993).
Section 40-17A-4, Code 1975, provides that no dealer may possess, distribute, sell, transport, import, or otherwise use controlled substances without paying a tax on the substances as confirmed by a stamp or other official insignia. The Act defines "dealer" as one who traffics or possesses more than 42.5 grams of marijuana or more than 7 grams of any other controlled substances. § 40-17A-1(3). Depending on the type of drug, the Act provides a varying rate of tax and makes the dealer subject to an additional penalty equal to the amount of tax imposed if the tax is not paid. §§ 40-17A-8 and -9.
Section 40-17A-8 imposes a tax of $3.50 per gram on marijuana, which is approximately $100 per ounce. Section40-17A-9 imposes a penalty of 100% of the tax on a marijuana dealer who fails to affix the appropriate stamps.
Milner asserts that the imposition of the assessment constitutes double jeopardy. He insists that the proceedings were the functional equivalent of a successive criminal prosecution that placed him in jeopardy a second time for the same offense.
In Briney v. State Dep't of Revenue, 594 So.2d 120
(Ala.Civ.App. 1991), this court determined that the imposition of the marijuana tax was not violative of the double jeopardy clause. In reaching that decision, we stated:
 "The double jeopardy clause protects against a second prosecution for the same offense after conviction or acquittal, or multiple convictions for the same offense. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The protection of the double jeopardy clause is normally triggered only by a sovereign's attempt to criminally punish a defendant twice for the same offense. United States v. One Assortment of 89 Firearms, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984). The double jeopardy clause usually has no application where the defendant incurs civil liability for criminal acts. However, in certain rare cases civil statutes may impose liability that is so punitive as to be no longer civil in nature. United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).
 "In this case, the Act does not impose liability that is fundamentally punitive. Rather the Act is a remedial measure whereby those who have previously escaped taxation may finally be assessed the amount they owe, with the same penalties for nonpayment to which all taxpayers are subject. § 40-17A-16. We find that the Act's remedial purpose far outweighs any punitive effect it may have. We note that the Act does not impose criminal prosecution on a dealer, but only for his failure to pay the tax. The Act does not subject the dealer to multiple criminal prosecutions for the same offense; thus the double jeopardy clause has no application here."
In Hyatt v. State Dep't of Revenue, 597 So.2d 716
(Ala.Civ.App. 1992), we emphasized our holding in Briney as it concerned the double jeopardy issue and stated the following:
 "The line between remedial and punitive is often a narrow one.
 "We consider the Act in this case to be remedial in that it is an effort to recover from those who reap great profits from their illegal and deadly transactions, taxes which they would otherwise escape. Such is the declared purpose of the tax. § 40-17A-16, Code 1975. A penalty for nonpayment of the tax, though heavy in this case, is common to all taxpayers who fail to pay their lawful taxes. Briney; § 40-18-49, Code 1975; 26 U.S.C.A. §§ 6651
through 6662 (West 1989)."
Milner suggests that we revisit Hyatt and Briney due to a recent decision of the Supreme Court. Dep't of Revenue ofMontana v. Kurth Ranch, ___ U.S. ___, 114 S.Ct. 1937,128 L.Ed.2d 767 (1994).
In Kurth Ranch the Supreme Court held that Montana's drug tax statute constituted a *Page 502 
second punishment for double jeopardy purposes and was therefore unconstitutional. In reaching that decision, the Supreme Court focused on two unusual features of the Montana tax statute.
The first feature which concerned the Court was that the tax was conditioned on the commission of a crime. The tax was levied only on individuals arrested for possession of drugs. The second feature which concerned the Court was that the tax was assessed on confiscated goods. The Court's concern was that the tax was imposed on property that had been confiscated and was no longer in the taxpayer's possession.
Alabama's drug tax is distinguishable from Montana's drug tax. The two features of the Montana tax that the Supreme Court was interested in do not exist in Alabama's drug tax. In Alabama the drug tax is levied on the possession of drugs, regardless of whether there is a criminal charge against the taxpayer. No criminal prosecution is required. Turner v. State,643 So.2d 568 (Ala. 1994); State Dep't of Revenue v. Drayton,617 So.2d 670 (Ala.Civ.App. 1991). Furthermore, Alabama's tax is an excise tax on the dealer and not a property tax on confiscated goods.
Due to these distinctions, we find that the holding inKurth Ranch has no application to Alabama's drug tax. Concerning the double jeopardy issue, we stand on our prior holdings in Hyatt and Briney.
The entry of summary judgment was proper. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.