ROBERTSON, Presiding Judge.
On December 20, 1992, S.H.J. was arrested for possession of 7 pounds (3,175.2 grams) of marijuana. On April 16,1993, pursuant to the Steve Hettinger Drug Enforcement Act, §§ 40-17A-1 through 40-17A-16, Ala.Code 1975, the State of Alabama Department of Revenue (Department) entered a final jeopardy tax assessment against S.H.J. in the amount of $24,850. Subsequently, on April 21, 1993, S.H.J. filed a notice of appeal from the final assessment and a complaint in the Mobile County Circuit Court. S.H.J. alleged in his complaint that the Steve Hettinger Drug Enforcement Act (Act) was unconstitutional; that the amount assessed by the Department was incorrect; that he was not a “dealer” within the meaning of § 40-17A-1(3); and that he was entrapped by the Department.
*1355 On June 8, 1993, the Department filed a motion to dismiss, alleging that S.H.J. had failed to properly appeal the entry of the final assessment, because, it argued, he had not paid the assessment plus interest, filed a supersedeas bond for double the amount of the assessment, or made a showing, to the satisfaction of the clerk of the circuit court, that he had a net worth of $20,000 or less. The Department’s motion was denied on June 25, 1993, and on July 9, 1993, the Department filed an answer.
The Department and S.H.J. both filed motions for summary judgment and the case was submitted to the trial court on a joint stipulation of facts. The stipulated facts were: On December 20, 1992, as part of an undercover marijuana investigation being conducted by the Alabama Alcoholic Beverage Control Board, Agent Todd Lee went to a house in Mobile, Alabama, to purchase marijuana. After Agent Lee pulled into the driveway and sounded the horn of his automobile, S.H.J. brought a duffel bag out of the house and placed it on Agent Lee’s car. Agent Lee looked inside the duffel bag and began counting individual packets of marijuana contained therein. S.H.J. was then placed under arrest. S.H.J. knew the duffle bag contained marijuana, but he did not know the total quantity of the marijuana. The duffel bag contained 7 pounds of marijuana, and no drug tax stamps were affixed to the marijuana as required by § 40-17A-1 et seq., Ala. Code 1975.
On April 21,1994, the trial court entered a judgment in favor of the Department for $24,850. On May 23, 1994, S.H.J. appealed to the Supreme Court of Alabama. The supreme court remanded the case for the “trial court to consider whether, under the analysis employed in Department of Revenue of Montana v. Kurth Ranch, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), the application of Ala.Code 1975, § 40-17A-1 et seq., infringes S.H.J.’s constitutional guarantees against double jeopardy.” Johnson v. Alabama Dep’t of Revenue, 653 So.2d 290, 290 (Ala.1995).
Following the remand from our supreme court, S.H.J. and the Department entered into the following additional stipulated facts: S.H.J. was arrested and was subsequently indicted for trafficking in marijuana. The charge of trafficking was reduced to a charge of felony possession of marijuana. S.H.J. was granted youthful offender status, he pleaded guilty to being a youthful offender, and he agreed to participate in the Drug Court Diversion and Treatment Program. After S.H.J. successfully completed all of the requirements of that program, his plea of guilty was set aside and the criminal charge against him was dismissed with prejudice. The Department has sought to collect a drug tax from S.H.J. based upon S.H.J.’s possession of marijuana without the required drug tax stamps.
On March 28, 1995, the trial court entered an order adopting the analysis and conclusion contained in Milner v. State of Alabama, 658 So.2d 500 (Ala.Civ.App.1994), “finding that the Alabama drug tax is distinguishable from the Montana drug tax, and that [the] holding in Kurth Ranch has no application to Alabama’s drug tax.” S.H.J. appeals.
On appeal, S.H.J. raises the following issues: (1) whether the Alabama Controlled Substance Excise Tax is arbitrary and irrational, and, therefore, unconstitutional as applied to S.H.J.; (2) whether the Alabama Controlled Substance Excise Tax violates the 8th Amendment prohibition against excessive fines; and (3) whether the application of the Alabama Controlled Substance Excise Tax violates S.H.J.’s constitutional guarantee against double jeopardy.
A tax assessment made by the Department and appealed to the circuit court is deemed prima facie correct. § 40-2A-7(b)(5)c., Ala.Code 1975; Turner v. State Dep’t of Revenue, 643 So.2d 568 (Ala.1994). Additionally, the burden is on the taxpayer to present evidence to show that the assessment is incorrect. Turner, supra.
Section 40-17A-4, Ala.Code 1975, provides that “[n]o dealer may possess, distribute, sell, transport, import, transfer, or otherwise use any marijuana or controlled substance upon which a tax is imposed by Section 40-17A-8 unless the tax has been paid on the marijuana or other controlled substance as evidenced by a stamp or other official indicia.” A dealer is anyone who unlawfully possesses more than 42⅜ grams of marijuana. § 40-17A-1(3).
*1356 We first address whether the drug tax is arbitrary and irrational, and, therefore, unconstitutional as applied to S.H.J. S.H.J. specifically contends that this court should construe § 40-17A-l(3) as requiring that the taxpayer have specific knowledge of how much marijuana he possessed at the time made the basis of the assessment. S.H.J. also contends that, otherwise, the statute will be arbitrary and irrational and violate the requirements of substantive due process of law.
This court has held that when a statute is plain and unambiguous no room exists for judicial construction and that we will enforce the statute as written. Alabama Securities Comm’n v. American Business Club, 612 So.2d 1237 (Ala.Civ.App.1992); Allen v. Hawes, 539 So.2d 273 (Ala.Civ.App.1988). Section 40-17A-K3) clearly lacks a specific-knowledge requirement. Therefore, § 40-17A-1(3) is plain and unambiguous, and we must enforce it as written. The failure of § 40-17A-K3) to contain a specific-knowledge requirement does not make the statute unconstitutional, as long as it is rationally related to a legitimate governmental purpose. This court previously stated:
“[Ejconomic legislation which does not employ suspect classifications or fundamental rights must be upheld when the State’s means are rationally related to a legitimate governmental purpose. Johnson v. United States Dep’t of Agriculture, 734 F.2d 774 (11th Cir.1984).
“The Act provides a means by which the State can receive revenue from drug dealers, a sector of the economy that imposes immeasurable costs upon the State but does not bear its fair share of the tax burden. Obviously, the assessment of the tax is the most rational way of imposing this burden.... ”
Briney v. State Dep’t of Revenue, 594 So.2d 120, 123 (Ala.Civ.App.1991) (emphasis added).
S.H.J. contends that the fact that he did not know the quantity of marijuana in the duffel bag would relieve him from the tax assessment if the statute had a specific-knowledge requirement. We disagree. The fact that S.H.J. did not know the exact amount of marijuana contained in the duffel bag does not preclude a finding by the trial court that S.H.J. knew the duffel bag contained more than 42½ grams of marijuana. One pound of marijuana is equal to 453.6 grams. Clearly, it can be inferred from the fact that the duffel bag contained 7 pounds (3,175.2 grams) of marijuana, that S.H.J. knew he possessed more than 42½ grams of marijuana. Based on the foregoing, we conclude that the statute is rationally related to a legitimate governmental purpose; consequently, we hold that S.H.J. has not shown § 40-17A-l(3) to be unconstitutional.
We next address whether the drug tax violates the U.S. Constitution’s 8th Amendment prohibition against excessive fines. The 8th Amendment provides that “[ejxcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted.” (Emphasis added.)
S.H.J. argues that the holding in Austin v. United States, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) — that the constitutional prohibition against excessive fines applies to drug forfeitures — should apply in this case. However, Austin did not involve a drug tax. In State Dep’t of Revenue v. Drayton, 617 So.2d 670 (Ala.Civ.App.1991), this court specifically recognized a distinction between a drug forfeiture action and a drug tax assessment. S.H.J. also argues that “this tax is conditioned on the commission of a crime.” However, this is a misstatement of the law. In Drayton, this court stated that a drug tax assessment could be made “regardless of whether the dealer has been convicted in a criminal proceeding.” 617 So.2d at 671-72 (emphasis added).
In Austin, the Supreme Court stated that if a civil sanction does not serve solely a remedial purpose but rather serves either retributive or deterrent purposes, then that sanction is punishment. Alabama’s drug tax can be said to serve a solely remedial purpose. Section 40-17A-16, Ala.Code 1975, provides: “It is declared to be the intent of this chapter to levy this tax upon illegal drugs in an effort to compensate for the lost revenue from a section of the economy that has not heretofore borne its fair share of the tax burden.” Additionally, this court has held that the Act is a “remedial measure whereby those who have previously escaped *1357 taxation may finally be assessed the amount they owe, with the same penalties for nonpayment to which all taxpayers are subject.” Briney, 594 So.2d at 124.
Based on the foregoing, we hold that, because Alabama’s drug tax serves a solely remedial purpose, the U.S. Constitution’s 8th Amendment does not apply to assessments based on that tax.
Finally, we address whether the application of the drug tax violates S.H.J.’s constitutional guarantee against double jeopardy. This issue was specifically decided by this court in Milner v. State of Alabama, supra. In Milner, this court held that the United States Supreme Court’s decision in Kurth Ranch had no application to Alabama’s drug tax. Specifically, this court noted:
“Alabama’s drug tax is distinguishable from Montana’s drug tax. The two features of the Montana tax that the Supreme Court was interested in do not exist in Alabama’s drug tax. In Alabama the drug tax is levied on the possession of drugs, regardless of whether there is a criminal charge against the taxpayer. No criminal prosecution is required. Furthermore, Alabama’s tax is an excise tax on the dealer and not a property tax on confiscated goods.”
Milner, 658 So.2d at 502 (citations omitted).
Based on the conclusion that Kurth Ranch did not apply to Alabama’s drug tax, this court reaffirmed the holdings in Briney and Hyatt v. State Dep’t of Revenue, 597 So.2d 716 (Ala.Civ.App.1992) (holding that the penalty for nonpayment of the drug tax, is no different than the penalty for nonpayment of taxes common to all taxpayers who fail to pay their lawful taxes). Accordingly, “the imposition of the marijuana tax [is] not viola-tive of the double jeopardy clause.” Milner, 658 So.2d at 501 (citing Briney v. State Dep’t of Revenue, 594 So.2d 120 (Ala.Civ.App.1991)).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
YATES and MONROE, JJ., concur.
CRAWLEY, J., concurs in the result.
THIGPEN, J., recuses.