The appellant, John J. Wilhite, pleaded guilty to, and was convicted on, three counts of distribution of a controlled substance, i.e., marijuana. He was sentenced to eight years' imprisonment. On direct appeal he raises one issue.
Principally the appellant contends that he was placed in jeopardy by the government's confiscating his property, which was used to convey drugs, assessing a tax based upon the market value of the controlled substances in his possession, and then indicting him for distributing and trafficking in a controlled substance.[1] Lengthy research reveals no previous Alabama case law addressing the issue whether the state may use all three sanctions — taxation, forfeiture, and criminal prosecution — against the same defendant and his property in a drug case without violating the Double Jeopardy Clause. Thus, issue is one of first impression.
The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects against a second prosecution for the same offense after a conviction or an acquittal and against multiple convictions for the same offense. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072,23 L.Ed.2d 656 (1969). However, as the Alabama Court of Civil Appeals has held, "The double jeopardy clause usually has no application where the defendant incurs civil liability for criminal acts. However, in certain rare cases civil statutes may impose liability that is so punitive as to be no longer civil in nature. United States v. Halper, 490 U.S. 435,109 S.Ct. 1892, 104 L.Ed.2d 487 (1989)" Briney v. State Dep't ofRevenue, 594 So.2d 120, 123-24 (Ala.Civ.App. 1991).
The appellant bases his argument that the prosecution for these three remedies taken together constitutes double jeopardy on two recent United States Supreme Court cases, Dep't ofRevenue of Montana v. Kurth Ranch, 511 U.S. 767,114 S.Ct. 1937, 128 L.Ed.2d 767 (1994) and United States v. Halper,490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). Kurth Ranch
held that Montana's law which allowed the taxation of controlled substances was punitive in nature, and the imposition of that tax following criminal proceedings for the underlying transaction violated the Double Jeopardy Clause.Halper held that a civil forfeiture proceeding following the imposition of criminal penalty violated the Double Jeopardy Clause. However, both cases treat very narrow exceptions to the general rule that taxation and forfeiture are civil actions which may be pursued in conjunction with criminal proceedings to remedy the harm the government has suffered as a result of the wrongdoing. Therefore, each case is clearly distinguishable from this case.
 I.
The Alabama Court of Civil Appeals has addressed the issue whether the application of Alabama's drugs and controlled substances excise tax, § 40-17A-1 et seq., Ala. Code 1975, violates the constitutional guarantee against double jeopardy. In Milner v. State, 658 So.2d 500 (Ala.Civ.App. 1994), that court held that the United States Supreme Court's decision inKurth Ranch had no application to Alabama's drug tax, specifically because the two features of the Montana tax that the Supreme Court found objectionable in Kurth Ranch do not exist in Alabama's tax. First, in Alabama this tax is levied on the possession of drugs, and no criminal prosecution is required before its imposition. Second, Alabama's *Page 223 
tax is an excise tax on the dealer and not a property tax on the dealer and not on a property tax on previously confiscated goods. See Milner at 502. See also, S.H.J. v. State Dep't ofRevenue, 682 So.2d 1354 (Ala.Civ.App. 1995). In Turner v.State Dep't of Revenue, 643 So.2d 568 (Ala. 1994), the Alabama Supreme Court discussed the underlying purpose of the drug tax:
 "The purpose of the drugs and controlled substances excise tax, codified in Ala. Code 1975, § 40-17A-1 through § 40-17A-16, is economic. The legislature promulgated this law as 'an effort to compensate for the lost revenue from a section of the economy that has not heretofore borne its fair share of the tax burden.' § 17A-16, Ala. Code 1975. A drug tax assessment by the Department of Revenue is not a criminal or a quasi-criminal proceeding."
(Emphasis added.)
The Halper Court announced a test for determining whether a statute taxing illegal drugs was actually a civil penalty. That test balances the harm suffered by the government and the size of the penalty. 490 U.S., at 442, 109 S.Ct. at 1898-99. However, it is important to note that simply because the legislature has provided for a civil recovery which exceeds the government's actual damages does not necessarily transform a civil remedy to a punishment. Id. The Alabama drug tax does not rise to the level of a civil penalty.
As the Alabama Court of Civil Appeals aptly noted, "penalty for nonpayment of the tax, though heavy in [some cases], is common to all taxpayers who fail to pay their lawful taxes."Milner, 658 So.2d at 502. See also, Hyatt v. State Dep't ofRevenue, 597 So.2d 716 (Ala.Civ.App. 1992); Briney, supra;26 U.S.C.A. §§ 6651 through 6662; § 40-18-49, Ala. Code 1975. The drugs and controlled substances excise tax is a remedial measure compelling those who have previously escaped taxation to pay the amount they owe, with the same penalties for nonpayment to which all taxpayers are subject. § 40-17A-16.Briney, 594 So.2d at 124.
 II.
On June 24, 1996 the United States Supreme Court decided the combined cases of United States v. Ursery and United States v.$405,089.23 in U.S. Currency, ___ U.S. ___, 116 S.Ct. 762,133 L.Ed.2d 707 (1996). In that decision the Court reasoned that condemnation, confiscation, and forfeiture are civil actions against property and not against persons. Thus it does not implicate the Double Jeopardy Clause as to a person involved in criminal proceedings whose property is subject to forfeiture as a result of that criminal proceeding. Accord, Agee v. State,627 So.2d 960 (Ala.Civ.App. 1993). Further, the United States Supreme Court has consistently held that "in rem civil forfeiture is a remedial civil sanction, distinct from potentially punitive in personam civil penalties such as fines, and does not constitute a punishment under the Double Jeopardy Clause." Gore v. United States, 357 U.S. 386, 392,78 S.Ct. 1280, 1284, 2 L.Ed.2d 1405 (1958). Accord, Ursery. In the instant case, the appellant's property was forfeited pursuant to "The Drug Profits Forfeiture Act of 1988," § 20-2-93, Ala. Code 1975, which allows for proceedings in rem to forfeit property which was used in committing a criminal offense. As the United States Supreme Court held in United States v. OneAssortment of 89 Firearms, 465 U.S. 354, 362, 104 S.Ct. 1099,1105, 79 L.Ed.2d 361 (1984), "Unless the forfeiture sanction was intended as punishment, so that the proceeding is essentially criminal in character, the Double Jeopardy Clause is not applicable."
The 89 Firearms Court formulated a test for determining whether a forfeiture action, notwithstanding the legislature's expressed intent, amounted to a criminally punitive sanction. First, the court must consider legislative intent; if it appears that the forfeiture statute is intended to be a solely remedial civil sanction, then the inquiry must proceed.465 U.S. at 363, 104 S.Ct. at 1105. The court must then analyze whether the effect of the forfeiture scheme is so extreme as to make the sanction punitive, regardless of the remedial intent.Id., at 365, 104 S.Ct. at 1106-07. The party claiming that a double jeopardy violation *Page 224 
has occurred must establish by the "clearest proof" that a forfeiture sanction was so severe that it transformed what was clearly intended as a civil remedy into a criminal penalty.Id., at 366, 104 S.Ct. at 1107. See also, Ursery.
In this case, the appellant contends that the simple fact that he was indicted and was subjected to criminal proceedings in addition to the taxation and confiscation of his property violated of his right against double jeopardy. However, the appellant has offered no proof that either the taxation or the confiscation of his property was so severe a sanction as to transform this remedy's civil remedial purpose to a punitive one.
The Ursery Court held that the taxation of controlled substances is a civil action which acts as a remedy, not unlike liquidated damages, to alleviate the government's losses from citizens who have earned income but heretofore have not borne their share of the tax burden. The Court found that the Montana taxation scheme which was the subject of Kurth Ranch was atypical of taxation statutes because of its punitive characteristics. The Alabama Court of Civil Appeals has previously held that the application of Alabama's drug tax statute does not implicate the Double Jeopardy Clause and thatKurth Ranch has no application to our statute.
In Alabama, the appellate courts have upheld the validity of both the drugs and controlled substances excise tax, § 40-17A-1
et seq., Ala. Code 1975, and of the Drug Profits Forfeiture Act of 1988, § 20-2-93, Ala. Code 1975, when each of those statutes has been challenged on the ground that it violated the Double Jeopardy Clause. That affirmation has not been altered byUrsery — indeed, the United States Supreme Court's analysis reinforces the validity of those statutes.
Notably, the defendants and their property in Kurth Ranch
were subjected to criminal proceedings, taxation, and forfeiture. The United States Supreme Court did not indicate that the use of all three remedies together in any way affected its consideration or was even significant. The sole focus of the Court in that case was the fact that the state had created a criminal fine masquerading as a tax statute. Further, the Alabama Supreme Court, in Ex parte State Dep't of Revenue,617 So.2d 675 (Ala. 1992), noted that § 20-2-93, Ala. Code 1975, which allows the State to condemn all proceeds traceable to drug to drug transactions "is in no way related to the excise tax dealt with in § 40-17A-1 et seq., and, in fact, the State's right of condemnation takes precedence over any action by the Revenue Department to collect this tax. § 40-17A-14(d)." Both the above discussion in Ex parte State Dep't of Revenue and the lack of attention given to the imposition of all three sanctions against the Kurth Ranch defendants lend credence to our finding in the present case that the imposition of all three sanctions against one defendant and his property is not constitutionally infirm.
The appellant complains that the application of either §40-17A-1 et seq., Ala. Code 1975, or § 20-2-93, Ala. Code 1975, in conjunction with a criminal proceeding against him subjects him to double jeopardy; invoking both those statutes in conjunction with a criminal proceeding, he argues, places him in triple jeopardy. However, he cites no authority to support that conclusion. The appellant fails to show how either the taxation or the forfeiture sanction is so severe as to transform its civil remedial purpose to a punitive one. Further, the Ursery decision destroys the basis of his underlying argument, which is that the drug tax and drug proceeds forfeiture statutes in and of themselves are punitive and not remedial in nature. The appellant is clearly mistaken.
To the extent that our holding in the present case conflicts with the holding of the line of Alabama cases which states that § 20-2-93, Ala. Code 1975, is penal in nature, the holding of that line of cases is overruled. See e.g., Reeder v. State,294 Ala. 260, 314 So.2d 853 (1975); Agee v. State, 627 So.2d 960
(Ala.Civ.App. 1993).
For the foregoing reasons, this court affirms the judgment of the trial court.
AFFIRMED.
All the Judges concur.
[1] In January 1991 the appellant was indicted on three counts of distribution and on one count of trafficking in marijuana. In March 1991 the state filed a complaint for forfeiture and in August 1992 confiscated four items of the appellant's property — a Honda Accord automobile, a Ford Bronco sport utility vehicle, a Motorola pager, and $33,200.00. In April 1991 the state assessed a tax and penalty on the appellant's marijuana totalling $21,812.00, which was paid in full. *Page 225